HARRIET A. HOWARD v. THE KANSAS CITY, FORT SCOTT & GULF RAILROAD COMPANY.

RAILROAD COMPANY — *Accident at Crossing* — *Contributory Negligence.* Plaintiff and her husband, who were about sixty years of age, were passing along the principal street of LaCygne, which is crossed·by a railroad track. Upon reaching the crossing, they found the street blocked by a train of freight cars. Plaintiff's husband went to the north end of the train in search of a safe crossing, but finding a number of cars standing on the siding, returned to the crossing and waited for the opening or departure of the train fifteen minutes, when one of the train-men, of whom plaintiff inquired how long the train would remain there, replied, "A good while," and suggested to them to climb over the train. Instead of going around the train or waiting for its departure, they acted upon this suggestion, and climbed over a coal car in the train, and the plaintiff, in jumping or getting down on the opposite side of the train, struck her foot against a tie of the track, which was in proper position, and broke one of the bones of her leg. *Held,* In an action against the railroad company to recover for the injury, that her attempt to climb over the train under the circumstances amounted in law to contributory negligence, and the direction of the train-man to cross over the train did not justify her in encountering so obvious and great a danger.

*Error from Linn District Court.*

ACTION by *Harriet A. Howard* against the *Kansas City, Fort Scott & Gulf Railroad Company* to recover damages for personal injury sustained by her, as she alleges, in consequence of the negligence of the railroad company. In her petition she alleges:

"Said plaintiff, for cause of action against said defendant, says, that defendant is a railroad corporation duly incorporated and organized under the laws of the state of Kansas, and was at the happening of the hereinafter events operating the line of its railroad in and through Linn county, Kansas; that plaintiff was at the happening of the hereinafter events an old lady, married to one Charles A. Howard, and residing at La Cygne, in Linn county, Kansas; that on the evening of the 4th day of March the plaintiff with her husband was visiting at the house of a friend in La Cygne on the west side of the line of the defendant's track where it passes through the town of La Cygne; that after completing their visit at the house of their friend, plaintiff with her husband started for their own residence in said town, which was situated on the east side of said track, and that plaintiff and her husband in going home passed east on Market street in said town; that at said time Market street was the usual and most direct route of travel from their friend's residence where they had been visiting to their home; that Market street crosses the railroad track immediately south of the railroad depot platform of defendant in said town, and is the principal crossing of said railroad track in said town; that at said time said walks were constructed along Market street across the railroad track and east and west of said track, and that no other street leading across the track had sidewalks leading to or across said track.

"Plaintiff further says that when she and her husband came up to the crossing of the railroad at Market street on their way home, a long train of cars was standing on the track, blocking up and unlawfully obstructing the crossing, and extending north and south of said crossing a great distance, and thereby preventing the passing and repassing of persons and vehicles on Market street across the railroad; that in said train at the crossing were some coal cars, and that the north end of one of the coal cars was opposite the south end of the depot platform, and a little north of the railroad crossing;

that plaintiff and her husband desired to cross the railroad at said crossing at that time, and walked up and on the platform at its south end, remaining there a few moments expecting the train to pull out or make an opening at the crossing. After remaining there some time, Charles A. Howard went north on the platform and to the north end of the train, and around the caboose, for the purpose of finding a safe way to cross the railroad track, but found that on the switch of the railroad on the east side of the caboose a large number of cars were standing, and returned to the south end of said platform to plaintiff; that plaintiff and her husband then remained upon the platform at its south end for a period of at least fifteen minutes, waiting for the train to pull out or make an opening of the same at the crossing, and while standing there, the conductor or brakeman of the train, being an employé of defendant, came along on the platform with a lantern, and asked this plaintiff and her husband if they desired to cross the railroad, and being informed that they did, he directed this plaintiff and her husband to cross the train and track at the north end of the coal car of the train. Plaintiff inquired of the employé how long the train would remain there, and the employé answered, 'A good while,' and directed said plaintiff and her husband to cross the train at the north end of the coal cars. That plaintiff and her husband, in obedience to said direction, crossed the train at the north end of the coal cars, but in crossing, this plaintiff, although exercising due care and caution in getting down from the east side of the north end of the car, struck her foot against the end of the tie of the track of the defendant and broke one of the bones of her leg, and greatly injured and mutilated her limb and otherwise jolted and injured plaintiff; that thereafter it was with great difficulty and with much pain that plaintiff was removed to her home in said town of La Cygne; that she immediately employed skilled physicians to operate, dress and doctor her leg and other injuries, and has continued ever since then under the care and skill of learned physicians; but that notwithstanding said treatment she has greatly suffered, and has been unable to perform any of her duties to her husband and family, but has been an invalid ever since, and is now an invalid, and is permanently disabled by reason of said injuries from performing her usual duties and labors, and is confined constantly to the house, being a great sufferer, and in pain almost constantly. She further says that she and her husband are each old people —about 60 years of age each—and have been married and

lived together a great many years; that by reason of the premises plaintiff has been greatly injured, maimed, bruised and hurt, and has suffered great pain, her general health has been impaired, and she has been permanently disabled; that she has paid for the services of physicians a large sum of money, and has been entirely disabled from performing her usual duties; to her damage in the sum of five thousand dollars. Wherefore, plaintiff demands judgment for the sum of five thousand dollars and costs."

The defendant demurred to the petition, alleging that it did not state facts sufficient to constitute a cause of action in favor of the plaintiff and against the defendant. This demurrer was heard on July 28, 1886, and was sustained, and the court gave judgment to defendant for costs. An exception was taken by the plaintiff, and she has brought the case here for review.

*Ware, Biddle & Cory,* for plaintiff in error.

*Wallace Pratt,* and *Chas. W. Blair,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: The plaintiff was injured while climbing over one of defendant's railroad trains at La Cygne, Kansas, and seeks to recover $5,000 from defendant as compensation for the injury suffered. The train was standing at the depot, and across the principal street of La Cygne, along which the plaintiff, a woman about sixty years of age, and her husband were passing. There was no opening of the train at the crossing, and when the plaintiff and her husband reached the depot and found the street obstructed they waited a few moments for the opening or removal of the train, which did not occur, and then the husband went to the north end of the train seeking a safe crossing, but finding a large number of cars standing on the side-track or switch, returned to the depot, where they remained fifteen minutes more, waiting for the opening of the train or clearing of the street. While standing there the conductor or a brakeman approached, and the plaintiff inquired of him how long the train would remain there, and

he answered "A good while," and directed them to cross the train by going over the top of a coal car near which they were standing. Acting upon this suggestion, she climbed over the car or train, and in jumping or getting down on the opposite side she struck her foot against a tie of the track, breaking one of the bones of her leg and causing the injury of which she complains. These are the principal facts stated in the petition, and upon these we are constrained to hold with the district court, that the plaintiff was not entitled to recover.

It is very doubtful whether there was any negligence of the company that can be said to have directly or proximately contributed to her injury. While the stopping of the train blocked the street for a time, and while one of the employés of the defendant is said to have suggested to her to climb over the car, still, the train was not moved after she undertook the perilous climb, and the injury resulted from jumping or stepping on a tie in the track that is not alleged to have been out of place or in a deceptive or dangerous position. The misstep of the plaintiff appears to have been the direct cause of the injury. There were no pitfalls or dangers not to be anticipated on the car where she crossed, or on the ground where she alighted. But if it is granted that the obstruction was unlawful, and that the action of the company contributed to cause the injury, still, the conduct of the plaintiff was such as to preclude a recovery. It is a general rule that if the plaintiff by the exercise of ordinary care might have avoided the consequences of the defendant's neglect, he cannot recover, except, perhaps, in case of wanton and willful injury. (*Rld. Co. v. Pointer*, 14 Kas. 37.) It was settled in the case of *K. P. Rly. Co. v. Peavey*, 29 Kas. 180, that the doctrine of contributory negligence does not obtain in this state. It was there said:

"Where two parties, of each of whom the exercise of ordinary care is required, are guilty of negligence contributing to the injury of one of them, the injured party cannot recover damages therefor from the other on the sole ground that his negligence was less than that of the other, and generally the

mere fact that the plaintiff has been guilty of less negligence than the defendant will not authorize a recovery on his part; . . . therefore, if the plaintiff below himself was guilty of ordinary negligence contributing to the injury, he cannot recover, if the negligence of the railway company or its engineer was merely greater than his, for the plaintiff below must have exercised ordinary care, and not have been guilty of ordinary negligence."

The act of the plaintiff in climbing over a train of cars, liable to be moved at any time, not only shows a want of ordinary care, but it was a glaring case of rashness and recklessness. It would have been an exceedingly perilous venture for a person young and alert to have made in the daytime, but for a woman sixty years of age to attempt it in the night-time, was exceedingly reckless. She was not driven by any real or apparent danger to encounter the hazard or assume so great and obvious a risk. Ordinary prudence should have suggested the crossing of the track on another street or going around the train, or if that was impracticable, to have waited for the departure of the train or the opening of the street. True, it is alleged that her husband went to the north end of the train in search of a safe crossing, and found a large number of cars standing on the siding, but it is not stated or claimed that these blocked the passage in that way, nor was there any attempt on their part to go around the south end of the train. The unreasonable and unlawful obstruction of the street might make the company liable to the plaintiff for the damage sustained from such delay and obstruction, but it surely furnished no reason or excuse for the great peril which the plaintiff knowingly incurred.

Lewis v. B. & O. Rld. Co., 38 Md. 588, was an action to recover damages for an injury inflicted in about the same manner as the injury in this case was occasioned. A train of freight cars was left standing across a street of a city, blocking the crossing. A person came along the street and found the crossing blocked by the cars. Instead of waiting until the train had moved, or going around the train, he attempted in the dark to climb over the platform of a car, and thus cross

to the opposite 'side of the street. While in the act of pulling himself up by the handle attached to the car, with one foot on the platform and the other hanging down, the train suddenly moved, and his leg was caught and crushed between the two cars. In an action by the injured party it was held that the attempt of the plaintiff to climb over the train, under the circumstances was such a glaring act of carelessness as to amount in law to contributory negligence. In 2 Rorer on Railroads, 1130, it is said that—

"It is such gross negligence and want of care, and so reckless an act for a person to attempt to pass under the cars, though standing still at the time of the inception of the effort, that if an injury is received in the attempt a recovery cannot be had against the company for the same, even if the cars be suddenly started without giving the usual signal for starting, and thereby cause the injury."

(See also *Memphis &c. Rld. Co. v. Copeland*, 61 Ala. 376; *Stillson v. H. & S. J. Rld. Co.*, 67 Mo. 671; *O'Mara v. D. & H. Canal Co.*, 18 Hun, 192; *Central Rld. Co. v. Dixon*, 42 Ga. 327; *U. P. Rly. Co. v. Adams*, 33 Kas. 427; *Rld. Co. v. Houston*, 95 U. S. 697.)

Being an adult, the plaintiff must be presumed to be endowed with sufficient sense to appreciate the risk which she was incurring, and to exercise ordinary prudence. The fact that the conductor or brakeman directed her to climb over the train will not justify her in encountering a known danger of so perilous a character. It may be doubted whether it is within the scope of employment of these employés to direct persons traveling along a street, not connected with the train or the service of the company; but whatever may be the rule, the direction of the employé is no excuse for the rash act, where the danger was so obvious to the plaintiff.

"Even the case of passenger's obedience to directions of the conductor will not avail the passenger if the danger of obedience is plainly apparent. In that class of cases, as is well known, the passenger has much greater claims to protection than a traveler along a highway; and yet, the overwhelming weight of authority is that the passenger cannot rely upon the

conductor's directions where they would lead him into danger plainly open to observation." (*L. S. & M. S. Rld. Co. v. Pinchin*, 112 Ind. 592; same case, 31 Am. & Eng. Rld. Cases, 428.)

If the plaintiff had been a child of tender years, or a person not endowed with sufficient sense to appreciate the risk, or if in crossing she had encountered dangers known to the employé giving the direction but not apparent to her, other considerations would arise. She, however, had reached years of maturity and discretion; the peril encountered was palpable, and as apparent to her as to anyone else. She voluntarily and knowingly exposed herself to a threatening danger, and assumed a risk such as no person of ordinary prudence should assume. The injury would not have occurred except for her reckless act in climbing over the train; and taking the facts and circumstances as stated in her petition, it must be held as a matter of law that the injury resulted from her careless and reckless action, and that it is so clear a case of contributory negligence as will preclude a recovery.

The judgment of the district court will be affirmed.

All the Justices concurring.