# CASES DETERMINED

IN THE

# SUPREME COURT OF NEBRASKA

## JANUARY TERM, 1916.

MEYER PANSIK, ADMINISTRATOR, APPELLEE, V. MISSOURI
PACIFIC RAILWAY COMPANY ET AL., APPELLANTS.

FILED JANUARY 15, 1916.   No. 18500.

Railroads: ACTION FOR DEATH: CONTRIBUTORY NEGLIGENCE. An adult
person, in attempting to pass over the coupling between two cars
standing on a street crossing and liable to be moved by an engine
attached to them for switching purposes, is guilty of contributory
negligence, which will preclude a recovery for his injury and death
in consequence of the moving of the cars.

APPEAL from the district court for Douglas county:
WILLIS G. SEARS, JUDGE. *Reversed.*

*B. P. Waggener, J. A. C. Kennedy* and *Philip E. Horan,*
for appellants.

*Weaver & Giller, contra.*

BARNES, J.

This was an action by the administrator of the estate
of Paul Pansik to recover damages for the negligent kill-
ing of his decedent.

Plaintiff alleged in his petition that the defendants
were negligent in causing their train of cars to be backed
across Nicholas street and allowing it to stand there in a
solid train, consisting of some 26 cars, for several min-
utes, thus forbidding the free use of the street; that they

99 Neb.]                    (234)

were negligent in uncoupling the train at a point north of Nicholas street; that they were negligent in causing a part of said train to start up suddenly and with a jerk towards the south, thereby throwing plaintiff's intestate from the position that he had taken on said cars down upon the rail of defendant's track, causing his death; that they were negligent in failing to give deceased any warning of their intention to start the train; that they failed to keep a proper lookout to ascertain the presence of people crossing between the cars of said train, which was standing upon and over Nicholas street; that they failed to ascertain that the plaintiff's intestate was crossing between the cars at the time the train was started forward. The defendants filed separate answers which contained a general denial and an allegation that the accident which caused the death of Paul Pansik was due entirely to his own negligence. The reply was a general denial. At the close of the plaintiff's evidence the defendants requested the court to direct the jury to return a verdict in their favor. The request was refused. The defendants introduced no evidence. The court gave his instructions to the jury, consisting of some 15 paragraphs, each of which was excepted to by the defendants. The jury returned a verdict for the plaintiff and against both defendants for $7,500, on which the court rendered judgment, and the defendants have appealed.

The facts, as shown by the evidence, are, in substance, as follows: On the morning of the 23d day of August, 1912, shortly before 7 o'clock, Paul Pansik, then about 19 years of age, came down Nicholas street on his way to his work in the Union Pacific shops. He was going east on the south side of said street. When he arrived at Fifteenth street, he found the way blocked by the defendant's train, which was switching at that point. The train had just been backed or pushed in by an engine to which it was attached about four car lengths south of the crossing. A coal car was on the crossing, and the train extended farther north, a distance of about 20 car lengths. The

train stood there about three minutes, when the flagman, who was on the east side, uncoupled the cars at the north line of the street and signalled to the engineer to pull back to the south in order to open up the street crossing. The testimony shows that two persons climbed over the bumpers between the cars at the north side of the street where the flagman was uncoupling, but two witnesses who stood east of the crossing on the south side of the street stated that no one had attempted to pass between the cars at that side of the street. Just as the flagman uncoupled the cars at the north side of Nicholas street, Paul Pansik climbed upon the bumpers between the cars at the south line of the street, and, when the cars were moved to the south, fell or was jerked off from the bumpers, fell upon the track, and two truck wheels passed over his body, instantly killing him.

The record discloses that Nicholas street crosses the railroad yards, and on what was the extension of Fifteenth street there is a large number of tracks which are used in switching cars and making up trains. Plaintiff's evidence shows that at the time the accident occurred the train in question had not blocked the crossing for a period of more than three to five minutes; that quite a number of persons came down Nicholas street from the west on their way to work. Plaintiff's witnesses, Miss Bigley and Miss Baber, were on their way west on the south side of the street, and arrived at the crossing just at the time the train backed in from the south. They both testified, in substance, that defendant Ryder and the flagman were on the east side of the train at the point where the flagman uncoupled the cars; that two men came through between the cars at that point just as they were uncoupled. The witnesses were standing on the east side of the train at the south side of the street. They both testified that no one had attempted to cross over between the cars on the south side but Paul Pansik; that he climbed up on the bumpers between the cars directly in front of them, and that as the train was moved to the south he slipped or fell to the

track and was run over and killed; that none of the train-men were where they could see Pansik, and there is no evidence showing, or tending to show, that any of the defendant's servants knew that Pansik was attempting to cross over between the cars. The engine attached to the south end of the train was in plain sight. Sam Temin, a witness for plaintiff, testified, in substance, that there were no trainmen on the west side of the train; that he came down the street from the west and on the south side; that there was quite a number of persons there when Paul Pansik started to go over the cars from the west to the east side; that he himself was just behind Pansik; that the train gave a pull, and Pansik fell down on the track and was killed. He testified that he did not see the engine then, but saw it afterwards, and that he saw no signal and heard no bell or whistle. Miss Bigley and Miss Baber also testified that they heard no bell or whistle. Barney Feltman's testimony was, in effect, the same as Temin's. There was no evidence showing, or tending to show, any act of negligence on the part of defendant Ryder. He was on the east side of the train north of the flagman and at a point where he could see the engine and attend to his duties in managing the switching crew.

Appellants contend that the court erred in refusing to direct the jury to return a verdict in their favor. If this contention is sustained, the judgment must be reversed, and it will not be necessary to consider any of the other assignments of error.

As shown by the evidence, the accident in question happened at a public street crossing in the city of Omaha, and the plaintiff's rights at that point were greater than they were at other places on defendant's right of way. At public crossings the rights of the railroad company and the public are equal, and each has the right to assume that the other would be controlled by such considerations as would influence a man of ordinary care and prudence. Plaintiff's decedent had the right to the reasonable use of the crossing at Nicholas street for his own purposes,

subject to the right of the defendant railroad company to
make a reasonable use of the crossing in conducting its
business through the city. *Williams v. Chicago, B. & Q.
R. Co.,* 78 Neb. 695. The delay caused plaintiff's decedent
was slight, and did not justify him in attempting to cross
over between the cars, to which a live engine was attached,
without ascertaining, or attempting to ascertain, whether
the cars were about to be moved or not. It was gross neg-
ligence for young Pansik to make such an attempt. By
his own conduct he placed himself in a dangerous position
without any knowledge of his presence or his danger on
the part of those in charge of the train. They had not,
by any conduct on their part, invited Pansik to make the
attempt to cross over between the cars. As a matter of
fact, they were engaged in opening the crossing. If Pansik
had waited only three minutes the way would have been
clear, and the accident could not have happened. As we
view the record, plaintiff's decedent was guilty of such
contributory negligence as would prevent a recovery for
his injury and death. 3 Elliott, Railroads (2d ed.) sec.
1169; 2 White, Personal Injuries, sec. 1028; *Howard v.
Kansas City, F. S. & G. R. Co.,* 41 Kan. 403. It was not
the duty of the flagman or switchmen to examine the train
at the crossing to determine that pedestrians had not
placed themselves in a position of danger. *Hudson v.
Wabash W. R. Co.,* 101 Mo. 13; *Atchison, T. & S. F. R. Co.
v. Cross,* 58 Kan. 424.

In *Bird v. Flint & P. M. R. Co.,* 86 Mich. 79, the court
said: "A train standing upon a highway, with an engine
attached, is of itself notice of danger; and, in the absence
of a special assurance on the part of the defendant to one
desiring to cross that he may safely do so, so far as any
movement of the train is concerned, he assumes all the
risks. To attempt to cross, in the absence of such assur-
ance, is gross negligence."

In *Jones v. Illinois C. R. Co.,* 104 S. W. (Ky.) 258, it
was said: "It may be conceded that appellant, as well as

the general public, had a right to use this crossing, and that the company might be guilty of a nuisance in obstructing it for an unreasonable length of time; but under the facts of this record these rights and obligations did not relieve the appellant of the duty of exercising ordinary care for his own safety or fix responsibility on the company for injuries received by his gross contributory neglect. When a train of cars is standing temporarily, as these were, on a crossing, and there is a live engine nearby or attached to the train, liable to move them at any moment, persons who desire to cross the track do so at their own peril if they make the attempt by going under, climbing over, or passing between the cars; and the company will not be liable for injuries received by them unless their dangerous condition is discovered in time to prevent accident. The presence of cars and an engine, either attached to them or in the immediate vicinity for the purpose of moving them, is such an obvious warning of danger to adult persons attempting to cross under, over, or between them that to do so is gross negligence, and there can be no recovery for injuries received under circumstances like these."

We are of opinion that the great weight of authority is such that the trial court should have directed a verdict for the defendants. The judgment is therefore reversed and the cause is remanded to the district court for further proceedings.

REVERSED.

ROSE, J., not sitting.