HUDSON, *Appellant,* v. THE WABASH WESTERN RAILWAY COMPANY.

In Banc, June 25, 1894.

1. **Railroad:** CLIMBING BETWEEN CARS: CONTRIBUTORY NEGLIGENCE. The plaintiff attempted to climb over and between two flat cars which had obstructed the crossing of a public street for a longer time than was permitted by a municipal ordinance on the subject; in so doing, he placed his feet beside the pinhead, which caught one of them when the cars were suddenly moved, without any previous warning of such a movement; *held,* that, in getting over the cars, plaintiff assumed the obvious risks involved in the act.

2. ———: ———: ———. Where, in an action for personal damages, the evidence shows that plaintiff failed to exercise ordinary care for his own safety, and that his act directly contributed to his injury, the question of defendant's negligence is immaterial.

3. ———: ———: ———: PRACTICE. When plaintiff's own testimony permits no reasonable inference of proper care on his part, the trial court in such an action, should not submit the case to the jury.

*Appeal from St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

AFFIRMED.

*Smith P. Galt* for appellant.

(1) The court erred in excluding the testimony for plaintiff tending to show that for six months before the time plaintiff was injured, it was the almost daily practice of the defendant company to leave its train of cars on the track upon which they were the day that plaintiff was injured, across Montgomery street, and extending

north and south of it for a length of six blocks, for a
long time each day, without any locomotive attached to
them, and plaintiff knew it. *Wilkins v. Railroad*, 101
Mo. 93; *Boggs v. Railroad*, 18 Mo. App. 278; *Backen-
stone v. Railroad*, 23 Mo. App. 156; *Karle v. Railroad*,
55 Mo. 483; *Johnson v. Railroad*, 77 Mo. 152. (2) The
court erred in giving defendant's instruction in the
nature of the demurrer to the evidence. *Wilkins v.
Railroad*, 101 Mo. 93; *Grant v. Railroad*, 2 MacArthur,
277; Shear. & Redf. on Neg. [4 Ed.], sec. 479, pp.
284–288; *Fitzpatrick v. Railroad*, 35 Md. 32; *Meek v.
Railroad*, 38 Ohio St. 632; *Correll v. Railroad*, 38 Iowa,
120; *Moberly v. Railroad*, 17 Mo. App. 542; *Kellogg
v. Railroad*, 26 Wis. 223; *Johnson v. Railroad*, 77 Mo.
551; *Buesching v. Gas Co.*, 73 Mo. 232; *Barton v.
Springfield*, 110 Mass. 131; *Snow v. Provincetown*, 121
Mass. 580; *Smith v. City*, 45 Mo. 449; *Mahoney v.
Railroad*, 114 Mass; Thompson on Neg., 1203, 1206.

*F. W. Lehmann* and *George S. Grover* for respond-
ent.

(1) The evidence excluded was immaterial, because
not relevant to the issues made by the pleadings, and
because it does not appear that the plaintiff entertained
the belief, because of the facts offered to be proved,
that the cars standing across the street were detached
cars not intended to be presently moved, and it does
affirmatively appear that he believed they were not
detached, and were presently to be moved. (2) The
case as presented on this appeal is the same as the case
presented on the former appeal, and the plaintiff is
concluded by the ruling and opinion on that appeal.
*Hudson v. Railroad*, 101 Mo. 13; *Roberts v. Cooper*, 20
How. (U. S.) 467; *Bank v. Taylor*, 62 Mo. 338; *Adair
County v. Ownby*, 75 Mo. 282; *Gaines v. Fender*, 82

Mo. 505; *McKinney v. Harral*, 36 Mo. App. 337; *Whitaker v. Johnson Co.*, 12 Iowa, 595; *Myers v. Johnson Co.*, 14 Iowa, 47; *Goodenow v. Litchfield*, 59 Iowa, 226; *Dows v. McMichael*, 6 Paige, 139; *Bonchaud v. Dias*, 3 Denio, 238; *Randles v. Randles*, 67 Ind. 434; *Merriam v. Woodcock*, 104 Mass. 326; *Stayner's Case*, 33 Ohio St. 481; *Wynning v. Railroad*, 67 Mich. 677. (3) The plaintiff, upon his own showing, was guilty of negligence contributing to and causing the injury complained of. *Lewis v. Railroad*, 38 Md. 588; *Railroad v. Dewy*, 26 Ill. 255; *Railroad v. Pinchin*, 112 Ind. 592; s. o., 31 Am. and Eng. R. R. Cases, 428; *Smith v. Railroad*, 55 Iowa, 33; *O'Mara v. Canal*, 18 Hun (N. Y.), 192; *Railroad v. Copeland*, 61 Ala. 376; *Gahagan v. Railroad*, 1 Allen (Mass.), 187; *Andrews v. Railroad*, (Ga.), 45 Am. and Eng. R. R. Cases, 171; *Stillson v. Railroad*, 67 Mo. 617; *Hudson v. Railroad*, 101 Mo. 13; *Corcoran v. Railroad*, 105 Mo. 399.

PER CURIAM.—This an action for personal injuries in which plaintiff was obliged to take a nonsuit with leave, etc., by reason of the ruling of the trial court, in giving an instruction in the nature of a demurrer to the evidence, at the close of his case.

It is the same action reported on a former appeal, 101 Mo. 13.

Plaintiff's petition alleges negligence on the side of defendant in failing to obey certain ordinances of the city of St. Louis, where his injury occurred; and in carelessly operating its cars, etc.

The answer contained a general denial, and a plea of contributory negligence, which was put at issue by plaintiff's reply.

The cause came to trial before Judge KLEIN and a jury.

Plaintiff introduced certain municipal ordinances of St. Louis, forbidding the moving of locomotives, cars, etc., without constant sounding of the engine bell; forbidding the running of cars moved by steam across or along any improved street, without having a watchman at each street crossing, etc.; forbidding the obstruction of any street crosssing by a train for more than five minutes; requiring a backing car to have a man stationed on the end farthest from the engine to give danger signals; and requiring all freight trains, moving in the city limits, to be manned with experienced brakemen, stationed so as to see the danger signals and hear the signals from the engine.

The plaintiff then testified in his own behalf. The substance of his evidence is as follows:

On the eighteenth day of November, 1887, he was working at Schulenburg and Boeckeler's saw mill, situated east of defendant's railroad tracks. He was one of a gang whose duty it was to keep the lumber cleared away from the men who worked on the top floor of the mill.

He lived west of the tracks. At 12 o'clock noon he went home to dinner, passing west on Montgomery street, which was macadamized on both sides of the railroad tracks. At that time there were no cars standing across Montgomery street, but there were cars standing on each side of that street.

At twenty-nine minutes after 12 o'clock, he left his home to return to the saw mill. As he passed out, the 12:30 whistle blew.

His house was situated higher than the railroad track. He could see a long distance north and south. The cars of the defendant were then standing across Montgomery street. There was no locomotive connected with them, when he left his yard. When he got to Montgomery street, two laboring men who

worked east of the railroad tracks, jumped up and passed over the cars and went on, down Montgomery street.

Plaintiff waited on Montgomery street, west of the train, until 12:40, when the saw mill whistle blew, and he started to pass through between the cars, as the other two men had done. In his hurry, he put one foot south of the pin-head and one north. Just then the cars were backed together, and caught both of his feet, but he jerked one out, and the other was badly mashed. He hung there for about a minute and then fell east of the track and lay on the ground until 1 o'clock, when the train pulled north. So much of it was moved as was north of a point distant the length of a car and a half south of Montgomery street. The remainder of the train, from that point south for three blocks, was left standing.

While he was there, no brakeman was on the rear part of the train. There was no watchman at Montgomery street.

This track on which the train had been standing was the fifth track from the west. There were about a dozen tracks there. The track on which plaintiff was hurt was used for loaded freight trains, or was what is commonly known as a switch or side track.

There was no warning or signal of any kind given, that the train was going to move.

Plaintiff was confined to his bed for nine weeks, suffered excruciating pain, and is maimed for life.

It was admitted by defendant at the trial that the cars were moved by a locomotive.

Some other witnesses testified to the manner in which the tracks were used by the defendant at the place of the accident.

At the close of plaintiff's evidence, the court forced

him to a nonsuit, by the ruling already mentioned, declaring that he had no case to submit to a jury.

We think the trial court was right in so ruling, on the ground that plaintiff's own testimony disclosed so clearly his own negligence, directly contributing to the injury, as to permit no reasonable inference of proper care on his part in the circumstances.

In climbing over the cars, he put his feet in such a position that they were bound to be caught if the cars were moved. He knew at the time, full well, that the cars had been standing there longer than was permitted by the ordinance.

They were likely to move at any time, and should have moved before they did.

In getting over the cars in the way plaintiff attempted to do, he must be held to have taken the obvious risks involved in that act.

Irrespective of any question whether defendant was negligent in failing to obey the ordinances quoted, or otherwise, we think it too plain for extended argument, that plaintiff was not sufficiently free of fault, directly contributing to his mishap, to warrant the submission of his case to the jury.

This court so held on the former appeal (101 Mo. 31), and we consider that the trial court correctly applied the law then declared.

The judgment is affirmed, in which all concur, except BLACK, C. J., who dissents.