[Sac. No. 289. In Bank.—July 9, 1898.]

## CHRIS. S. STUDER. Appellant, *v.* SOUTHERN PACIFIC COMPANY, Respondent.

Action for Death — Contributory Negligence — Climbing between Freight Cars at Crossing—Nonsuit.—A child between twelve and thirteen years old, who attempts to cross between the cars of a freight train standing at a crossing, and while in the act of climbing over the couplings, is killed by the sudden and unannounced starting of the train, is chargeable with contributory negligence as matter of law, and in an action to recover for such death a nonsuit is properly granted.

Id.—Rights at Railroad Crossing.—Neither a railroad company having the right to use temporarily a crossing of its road over a street, as a part of its right of way, nor persons passing over the street crossing, are to be regarded as trespassers. Each is required to exercise his rights with reference to the rights of the other; but an interference by one with the rights of the other cannot entitle the other to disregard the proper mode of using the street, or to act negligently in crossing it.

Id.—Unlawful Blockade of Street—Negligent Passing not Excused.—A train of cars, unlawfully blocking a crossing, does not justify a negligent attempt to pass between the cars; and the risk of passing between a train of cars likely to get under way at any moment is so great that no one who has a knowledge of the danger has a right to assume it.

Id.—Negligence of Minor.—The fact that the deceased was only about twelve years of age, did not require the court to submit to the jury whether his attempt to cross between the cars constituted negligence. The law imposes upon minors the duty of giving such attention to their surroundings and care to avoid danger as may fairly and reasonably be expected from persons of their age and capacity; and children, as well as adults, must use the discretion which persons of their years ordinarily have, and cannot be permitted with impunity to indulge in conduct which they know, or ought to know, to be careless.

Id.—Negligence of Railroad Company—Notice of Starting—Proximate Cause—Contributing Act.—The failure of the railroad company to give notice that the train was about to start was not the proximate cause of the injury received while crossing between the freight cars; and it is sufficient to defeat a recovery that the injury could not have occurred but for that act, and that that act contributed to the injury, notwithstanding any wrong or negligence of the railroad company in starting the train suddenly and without notice.

APPEAL from a judgment of the Superior Court of Solano County. A. J. Buckles, Judge.

The facts are stated in the opinion of the court.

Joseph Craig, R. J. Hudson, and Shortridge, Beatty & Brittain, for Appellant.

The question of the negligence of a minor ought always to be left to the jury, and not decided by the court. (*Burger v. Missouri Pac. Ry. Co.*, 112 Mo. 238; 34 Am. St. Rep. 379; *Avey v. Galveston etc. Ry. Co.*, 81 Tex. 243; 26 Am. St. Rep. 809; *Chicago etc. Ry. Co. v. Kennedy*, 2 Kan. App. 693; *Consolidated Traction Co. v. Scott* (N. J.), 34 Atl. Rep. 1094; *Thurber v. Harlem etc. Co.*, 60 N. Y. 327; *McMahon v. North Cent. Ry. Co.*, 39 Md. 438, 448; *Stone v. Dry Dock etc. R. R. Co.*; 115 N. Y. 104; *Houston etc. R. R. Co. v. Simpson*, 60 Tex. 103.)

George A. Lamont, for Respondent.

It is negligence *per se* to cross between freight cars liable to start at any moment. (*Andrews v. Central R. R. etc. Co.*, 86 Ga. 192; *Lewis v. Baltimore etc. R. R. Co.*, 38 Md. 588; 17 Am. Rep. 521; *Hudson v. Wabash etc. Ry. Co.*, 101 Mo. 13; *O'Mara v. Delaware etc. Canal Co.*, 18 Hun, 192; *Memphis etc. R. R. Co. v. Copeland*, 61 Ala. 376; *Corcoran v. St. Louis etc. Ry. Co.*, 105 Mo. 399; 24 Am. St. Rep. 394; *Atchison etc. Ry. Co. v. Plaskett*, 47 Kan. 112; *Bird v. Flint etc. Ry. Co.*, 86 Mich. 79.) The responsibility of a minor for contributory negligence is a question of law, where the negligence is clear. (*Tucker v. New York etc. R. R. Co.*, 124 N. Y. 308; 21 Am. St. Rep. 670; *Lennon v. New York etc. R. R. Co.*, 65 Hun, 578; *Honegsberger v. Second Avenue R. R. Co.*, 1 Keyes, 570; 33 How. Pr. 193; *Wendell v. New York etc. R. R. Co.*, 91 N. Y. 420; *Messenger v. Dennie*, 141 Mass. 335; *Kuebler v. New York*, 15 N. Y. Supp. 187; *Sheets v. Connolly Street Ry. Co.*, 54 N. J. L. 518.)

HARRISON, J.—Plaintiff brought this action to recover damages for the death of his son, alleged to have been caused by the negligence of the defendant. At the close of the plaintiff's testimony the court granted a nonsuit, and from the judgment thereon the plaintiff has appealed.

The facts shown at the trial are as follows:

On the 22d of July, 1895, the defendant was moving a freight train of about fifteen cars, loaded with basalt

blocks, and on arriving at Cordelia station the train stopped. The track of the defendant at this station runs parallel with Main street, and directly south of it. Near the station there is another street which intersects Main street at right angles, and when the train was stopped it stood directly across this intersecting street—the locomotive and two or three cars being to the east of it—and the travel into it from Main street was thereby obstructed. After the train had stood in this position eight or ten minutes, the deceased, a child between twelve and thirteen years old, came along Main street from the west, as far as the intersection of the other street, and after waiting there two or three minutes attempted to cross the train between two of the cars, and while in the act of climbing over the coupling the train started backward without giving any notice by bell or whistle, and he was injured by being crushed between the cars, and subsequently died from the injuries so received. Whether the court properly granted the nonsuit depends upon whether it appeared from the testimony on the part of the plaintiff that the deceased was guilty of negligence.

The place where the injury was received was a public highway, and the deceased is not to be regarded as a trespasser by reason of his attempt to cross the street while it was obstructed by the defendant's cars. Nor was a temporary obstruction of the street, by stopping the train, in violation of any right of the deceased, since the defendant was also entitled to use the crossing as a part of its right of way. Each was required to exercise his right with a proper reference to the rights of the other, but an interference by one with the other in the exercise of his right did not confer upon the other the right to disregard the proper mode of using the street. The right to do an act does not authorize a person to do it carelessly. If the defendant improperly blocked the street, or allowed its train to remain upon the crossing for an unreasonable length of time, the deceased was not, for that reason, authorized to incur unnecessary risk, or to act negligently in seeking to cross the street, but was still required to exercise such prudence as would ordinarily be required of one seeking to pass between the cars of a standing train which was liable to move at any moment. An attempt to pass between the cars of a train that is liable to move

at any instant, without taking any precaution to avoid danger, is itself an act of negligence, when decided by the standard of common prudence, and has been so held by courts whenever the occasion has been presented; and the act is equally negligent whether it is done at a street crossing or elsewhere. "The fact that a train of cars is unlawfully blocking a crossing is no reason why a person should throw himself under the wheels, or recklessly expose himself to danger. He is bound, notwithstanding such acts of negligence, to exercise proper care and prudence, and if he fails to do so he cannot hold another responsible for an injury which may be fairly traced to his own negligence." (*Lewis v. Baltimore etc. R. R. Co.*, 38 Md. 588; 17 Am. Rep. 521.) In *Memphis etc. R. R. Co. v. Copeland*, 61 Ala. 376, under a state of facts greatly resembling those in the present case, the court said: "The attempt thus to pass between the cars of a train which he must have known was liable to be moved, cannot be classed as less than negligence. It borders on recklessness." In *Hudson v. Wabash etc. Ry. Co.*, 123 Mo. 445, the plaintiff attempted to climb over and between two flat cars which had obstructed the crossing of a public street for a longer time than was permitted by the municipal ordinance on the subject, and was injured by the sudden moving of the train without any warning or signal. The court said: "In climbing over the cars he put his feet in such a position that they were bound to be caught if the cars moved. He knew at the time that the cars had been standing there longer than was permitted by the ordinance. They were likely to move at any time and should have moved before that time. In getting over the cars in the way plaintiff attempted to do, he must be held to have taken the obvious risks involved in that act." In *Lake Shore etc. Ry. Co. v. Pinchin*, 112 Ind. 592, the plaintiff was injured while passing between two cars forming a part of a freight train standing across a public street. The court said: "A person who has knowledge that a train of cars is stopping temporarily at a way station on its way to its destination, has no right to assume the risk of passing between the cars. It is a danger so immediate and so great that he must not incur it. . . . . In this case the risk of passing between the cars, likely to get under way at any moment, was such as no one could assume without being guilty

of negligence. This is one of the cases where it must be declared, as matter of law, that the risk is so great that no one who has a knowledge of the danger has a right to assume it." The same principle is sustained in *Andrews v. Central R. R. Co.*, 86 Ga. 192; *Pannell v. Nashville etc. R. R. Co.*, 97 Ala. 298; *Magoon v. Boston etc. R. R. Co.*, 67 Vt. 177; *Cochran v. St. Louis etc. Ry. Co.*, 105 Mo. 399; 24 Am. St. Rep. 394; *Wallace v. New York etc. R. R. Co.*, 165 Mass. 236; *O'Mara v. Delaware etc. Canal Co.*, 18 Hun, 192; *Howard v. Kansas City etc. R. R. Co.*, 41 Kan. 403.

The fact that the deceased was only about twelve years of age did not require the court to submit to the jury whether his attempt to cross the street between the cars constituted negligence. Negligence is the want of such care as a person of ordinary prudence would exercise under the circumstances of the case. When the facts are clear and undisputed, and when no other inference than that of negligence can be drawn from them, the court is not required to submit the question to the jury, but may itself make the inference. (*Nagle v. California Southern R. R. Co.*, 88 Cal. 86.) The court may also determine whether an act is such as would be performed by a person of ordinary prudence, or whether in the common judgment of mankind it would be deemed dangerous or attended with peril. The same act which would be negligence in an adult may not be such if done by a child, but a child is required to exercise the same degree of care that would be expected from children of his age, or which children of his age ordinarily exercise (*State v. Baltimore etc. R. R. Co.*, 24 Md. 84; 87 Am. Dec. 600; *Collins v. South Boston R. R. Co.*, 142 Mass. 301; 56 Am. Rep. 675); and the court is as fully authorized as a jury to determine what this degree of care is. Children, as well as adults, should use the prudence and discretion which persons of their years ordinarily have, and they cannot be permitted with impunity to indulge in conduct which they know, or ought to know, to be careless. "The law imposes upon minors the duty of giving such attention to their surroundings and care to avoid danger as may fairly and reasonably be expected from persons of their age and capacity." (*Merryman v. Chicago etc. R. R. Co.*, 85 Iowa, 635.) In the present case the capacity and intelligence of the child are not controverted, and

he must be presumed to have had all the qualities ordinarily belonging to a person of his age.

The failure of the defendant to give notice that the train was about to start is not available to the plaintiff. This was not the proximate cause of the injury, as might have been the case had the deceased sought to cross the street directly in front of the locomotive, or at the rear of the train. As was said in *O'Mara v. Delaware etc. Canal Co., supra*: "The injury could not have occurred except for plaintiff's act in undertaking to climb over the train between the cars. It was for the court to determine whether that was negligence which contributed to the injury, and, as other courts have said, no one could doubt it was. Nor is it of importance that defendant was guilty of wrong or negligence in blocking up the way, or in starting its train suddenly and without notice. The defendant is not liable for the injury sustained by plaintiff, unless it occurred solely by its fault and negligence, and not in any degree through the fault or negligence of the plaintiff." (See, also, *Railroad Co. v. Houston*, 95 U. S. 697; *Memphis etc. R. R. Co. v. Copeland*, 61 Ala. 376.)

The judgment is affirmed.

Van Fleet, J., McFarland, J., Temple, J., and Henshaw, J., concurred.

Rehearing denied.

Beatty, C. J., dissented from the order denying a rehearing.