[Crim. No. 1222. In Bank.—July 21, 1905.]

## THE PEOPLE, Respondent, v. SAM DAVIS, Appellant.

APPEAL—REMOVAL FROM DISTRICT COURT OF APPEAL,—DISCRETION.—The power conferred upon this court to remove causes thereto which are pending in a district court of appeal is absolute and wholly discretionary with this court, and the parties thereto have no right of appeal to this court nor to insist upon the exercise of such power of removal.

ID.—QUESTION OF FACT—QUESTION OF LAW—UNIFORMITY—IMPORTANCE. —This court will not exercise its discretion to remove thereto a cause pending in a district court of appeal after decision thereof for the purpose of revising its decision upon questions of fact shown by the record, nor will it hold itself bound to order a transfer after the decision of a cause, even where questions of law are involved, except where it shall appear necessary to secure uniformity of decision or to settle important questions of law.

PETITION for removal of cause to the Supreme Court after judgment of the District Court of Appeal of the Third District affirming a judgment appealed thereto from the Superior Court of Placer County. J. E. Prewett, Judge.

The facts are stated in the opinion of the court.

L. L. Chamberlain, for Appellant.

U. S. Webb, Attorney-General, for Respondent.

SHAW, J.—In this case the district court of appeal of the third district pronounced judgment affirming the judgment of the superior court against the defendant. This affirmance became final in that court on June 23, 1905. The defendant now asks an order that the cause be heard and determined by the supreme court. The authority for such action by this court is found in the following clauses of sec-

tion 4 of the amendment of 1904 to article VI of the consti-
tution:—

"The said [supreme] court shall also have appellate juris-
diction in all cases, matters and proceedings pending before
a district court of appeal which shall be ordered by the su-
preme court to be transferred to itself for hearing and de-
cision, as hereinafter provided. . . .

"The supreme court shall have power to order any cause
pending before the supreme court to be heard and determined
by a district court of appeal, and to order any cause pending
before a district court of appeal to be heard and determined
by the supreme court. The order last mentioned may be
made before judgment has been pronounced by a district
court of appeal, or within thirty days after such judgment
shall have become final therein. The judgments of the district
courts of appeal shall become final therein upon the expira-
tion of thirty days after the same shall have been pro-
nounced."

It is not seriously claimed that the opinion of the district
court of appeal is erroneous in its statement of the law. The
claim is, that that court has erroneously decided that the
record before it shows that upon the trial evidence of certain
facts was first introduced in the case by the defendant, and
consequently that he could not complain of it, whereas, as
defendant claims, the record shows that the facts had been
previously referred to by witnesses for the prosecution in
direct examination. There is thus presented for the first
time the question how far this court will go in the exercise of
its revisory power over the decisions of the district courts of
appeal. It will be conceded that this power is not given for
the purpose of correcting mere errors in matters of fact not
determinative of the case. But the question is: Shall this
court devote itself to the correction of alleged errors of fact
by the district courts of appeal which are important only to
the decision of the particular case in which they are made and
to the rights of the particular parties there concerned?

As the question is new and the nature of our power in this
respect has not been heretofore the subject of judicial con-
sideration, we deem it proper to state our views thereon.

One object of the constitutional scheme was to enable the
supreme court to distribute the work in hand among the

several courts having appellate jurisdiction in such a manner as to give to each, as nearly as possible, its due share, keep all of them continuously supplied, and thereby secure a speedy disposition of pending cases. For this purpose the power of this court to transfer any case of any character from one of these courts to another, or to the supreme court itself, is made absolute, and does not at all depend on the character of the case, or on the class of cases over which original appellate jurisdiction is given to the particular court. This court may exercise this power for this purpose without the assignment of any reason, or the existence of any reason other than its own discretion.

Another object doubtless was to enable this court, in its discretion, to supervise and control the opinions of the several district courts of appeal, each of which is acting concurrently and independently of the others, and by such supervision to endeavor to secure harmony and uniformity in the decisions, their conformity to the settled rules and principles of law, a uniform rule of decision throughout the state, a correct and uniform construction of the constitution, statutes, and charters, and, in some instances, a final decision by the court of last resort of some doubtful or disputed question of law. These two objects cover the entire scope of the exercise of the power. It is with the latter object only that we are here concerned.

The existence of this power and its exercise for the purposes last stated do not give a right of appeal from the district courts of appeal to the supreme court, nor anything which is in legal effect equivalent thereto. The language of the constitution, as amended, does not provide for such an appeal. It declares that the supreme court "shall also have appellate jurisdiction in all cases, . . . pending before a district court of appeal which shall be ordered by the supreme court to be transferred to itself for hearing and decision." The appeals over which appellate jurisdiction is thus given are manifestly appeals from the superior courts, the original appeals in the respective cases, the appeals which are "pending before" the district courts. There is no reference to any other appeal intended, and no other right of appeal is conferred. This is rendered clearer by the language of the subsequent clause giving the power of transfer. It gives the power with-

out requiring any proceeding, notice, or petition to invoke it. In case of transfers before a decision by the district court it would be necessarily the original appeal only which was to be heard and decided by the supreme court. The same grant extends to both classes of cases,—those not yet decided, and those already decided but not yet become final by lapse of time,—and as there is no distinction made between them, the appeal to be heard must be the same in the one case as in the other.

This distinction is important in its results. For it follows that the parties have no right to insist upon the exercise of this power. They may petition for it, but the action of this court in any case is purely discretionary, and to be taken for the accomplishment of the objects above stated. The district courts of appeal are established for the purpose of ascertaining and enforcing, according to the rules of law, the particular right of each case committed to their arbitrament. The state has done its full duty in providing appellate relief for its citizens when it has provided one court to which an appeal may be taken as of right. There is no abstract or inherent right in every citizen to take every case to the highest court. The district courts must be deemed competent to the task of correctly ascertaining the facts from the records before them in each case decided therein, and they should be held solely responsible to that extent for their judgments.

At the time this constitutional amendment was put forward and adopted this court had been for years unable to dispose of the business before it as fast as it accumulated, and the cases were decided from two to three years after the appeals were filed. The same condition still exists, and must exist for several years more. The amendment was adopted chiefly for the purpose of affording a remedy for this evil. If this court shall now adopt the policy of inquiring into the facts of each case in that court, we would be required to examine minutely the records and briefs of each case there decided in which our intervention was invoked, to ascertain whether or not the facts involved were accurately stated and considered in the opinion of that court. This would involve this court in a vast amount of additional labor, and would in great measure defeat the object which the amendment was intended to secure.

In view of these facts and the general nature of the purposes for which the power was chiefly given, as heretofore stated, and of the nature of the power itself, this court is. disposed to place rather strict limits upon its exercise. We therefore, in this case, refuse to order the transfer for the purpose of revising the decision of the district court of appeal in regard to the facts shown to exist by the record. We state this rule in this case because it is the first case which has come before this court upon an application for such transfer, and because we desire to lay down a precedent in order that parties concerned, as well as the district courts of appeal, may understand and appreciate their respective rights, duties, and responsibilities.

It is proper to add that the denial in any case of an application for the transfer of a case decided by a district court of appeal is not to be taken as an expression of any opinion by this court, or as the equivalent thereof, in regard to any matter of law involved in the case and not stated in the opinion of that court, nor, indeed, as an affirmative approval by this court of the propositions of law laid down in such opinion. The course to be pursued by this court in the exercise of its power in any case is a matter in which the objects above stated are the controlling considerations, and it will not hold itself bound even where questions of law alone are involved, to order a transfer of the cause, after a decision of the district court, except where it shall appear necessary in order to carry out the above-stated purposes of securing uniformity of decision and the settlement of important questions of law. The significance of such refusal is no greater than this—that this court does not consider that the interests of justice, or the purposes for which the power was given, require its exercise in the particular case.

Angellotti, J., McFarland, J., Van Dyke, J., Lorigan, J., Henshaw, J., and Beatty, C. J., concurred.