[S. F. No. 12407. Department One.—October 22, 1928.]

PHILIP BOLAR, etc., Respondent, v. MAXWELL HARD-
WARE COMPANY (a Corporation), Appellant.

Breed, Burpee & Robinson for Appellant.

Philip M. Carey, Marvin B. Sherwin, Sullivan, Sullivan
and Theo. J. Roche and Robert Collins for Respondent.

PRESTON, J.—Action for personal injuries sustained by
plaintiff, a minor, as the result of explosion of a toy cannon.
Plaintiff, a fifteen year old normal boy, in the last term
of junior high school, purchased thirty-five cents worth of
black gunpowder at defendant's hardware store in Oakland,

California, stating after purchase that he intended to use it in a toy cannon, although the evidence is in conflict as to whether he explained to the salesman that it was to be a cannon of his own construction. He then secured a piece of heavy pipe about fifteen inches long and two inches in diameter, in which he had a hole drilled for the fuse and on one end of which he fastened a screw cap. The garageman who drilled the hole for him warned him that the device was exceedingly dangerous. Fearing his mother, he secreted the powder and cannon until evening, when, accompanied by his younger brother and two other boys, he took it to a large vacant lot near their home and loaded it with the powder, rammed in with a paper wad, and also with nails, bolts, etc., to serve as projectiles. A soda straw filled with powder was inserted in the breech hole and served as a fuse. The boys stood out of danger and plaintiff applied a match to the "fuse." His first effort was unsuccessful but applying a second match produced an immediate explosion. The projectiles tore a hole through the "target," a large sign-board, but the contrivance exploded and as a result of either the recoil or the bursting of it, plaintiff was thrown to the ground and his right knee-cap was broken, deeply lacerated, and severely and painfully injured. This action charges defendant corporation with responsibility for said injury by reason of its alleged negligence in permitting the purchase of said explosive by an inexperienced minor. The jury rendered a verdict for plaintiff in the sum of seven thousand five hundred dollars. Motion for a directed verdict was denied and motion for a new trial was denied by operation of law. Defendant now prosecutes this appeal from the judgment entered in favor of plaintiff upon said verdict.

Section 1 of Ordinance 1939 (N. S.) of the city of Oakland provides in part: "No person . . . shall at any time fire or discharge . . . any . . . cannon . . . or any combustible or explosive device . . . of any kind whatsoever, or by whatever name known, within the City limits of the City of Oakland . . ." This ordinance was first offered in evidence by defendant at the close of its case for the purpose of showing contributory negligence. The court expressed his belief that it was not admissible, but as no objection was made by plaintiff it was admitted. Defendant next made a

motion for a directed verdict, which was denied, and the court reopened the cause of its own motion and then struck the ordinance from the record.

Appellant contends that plaintiff was guilty of contributory negligence *per se* in discharging said cannon in violation of said ordinance; that the court erred in refusing to admit the ordinance in evidence; in refusing to instruct the jury that a violation thereof in itself constituted negligence and in likewise refusing to give two other instructions relative thereto. Appellant further contends that if the effect of admission of said ordinance would not have been to conclusively establish negligence *per se* on the part of plaintiff, nevertheless it should have been admitted in evidence; further that plaintiff was guilty of contributory negligence as a matter of law in acting as he did, considering his age, education, intelligence, knowledge, experience, and warnings.

A careful examination of this cause leads us to the conclusion that plaintiff as a matter of law was clearly guilty of negligence contributing proximately to the injuries of which he complains. This conclusion forces itself upon us from the facts of the case enumerated above, to which should be added the following: The plaintiff constructed the dangerous device himself, the whole plan originating in his own mind. The idea of a soda straw as a substitute for a fuse, the capping of the pipe, the boring of the breech hole, the mounting of the cannon, loading it and the ignition of the fuse were all independent ideas of his own, carried out secretly, as he well knew that both parents, if cognizant of his plans, would have forbidden their execution. He knew at least to some extent of the explosive power of gunpowder, having extracted it from firecrackers and touched it with a lighted match and here he warned his companions to stand back when he touched the match to the "fuse" of his cannon. Indeed, he bore the marks of a previous explosion which occurred while he was burning leaves in which was hidden a dynamite cap. The cap exploded, causing numerous injuries to his face and body. Not only was he possessed of all the knowledge, intelligence, and experience of an ordinary fifteen year old boy with respect of these matters but he might well be classed as above the average in such respect. We can discern no ground whatever upon which minds could differ for an in-

stant as to plaintiff's own patent negligence in causing the explosion which produced his injuries. If this is not a case of contributory negligence as a matter of law, then that rule cannot be held applicable in any case to a minor. Such, however, is not the rule of law. ■ While a minor is not to be held to the same degree of accountability as an adult, still he may, under certain circumstances, be guilty of contributory negligence, and he is held to the same degree of responsibility as a normal, ordinary boy of his own age, unless the presence of special circumstances, such as mental inferiority, except him from application of the rule.

Here we have no controverted facts. We are simply called upon to say whether as a matter of fact reasonable minds could draw any other conclusion than that of negligence on the part of said minor. More frequently, of course, different conclusions may be drawn and a jury issue thus arises, but in this case common reason and ordinary experience show that a normal boy of fifteen years would know positively that he was engaged in an exceedingly dangerous experiment. At the age of this boy the ordinary youth is well acquainted with the use of firearms and to a certain extent with explosives. It is said that thousands of boys of the age of fifteen years and younger were in the armies during the Civil War. The testimony of plaintiff himself confirms and does not weaken the conclusion that he was a normal youth, at least with respect to his knowledge of explosives, his statement in this respect being substantially as follows: "When I took the powder home I hid it from my mother in the basement. I also hid my cannon in the basement because I did not want my mother to see or she would have taken it. She would have taken the powder and thrown it away and busted up the cannon, I guess. I knew that powder was something that neither one of my parents wanted me to play with. I knew that my parents did not want me to play with cannons. When boys have a gun parents always say they are going to take the gun away because the boys will get hurt and hardly any of them ever get hurt, but I thought I could shoot a cannon off and nothing would happen. But my mother and father was bound to take it away. I did not know the cannon was dangerous. Bigger ones are dangerous but not these

small ones. That particular one was made just to make noise. I knew that ordinary powder had to be handled carefully but I thought that the quantity that I put in the cannon was safe, that powder was not dangerous except in large quantities. . . . With the exception of the time that that cap exploded among these leaves when I was raking up the yard there with the exception of the one time when I picked some powder out of one fire cracker, I have never had any experience with explosives of any kind previous to the time that I used this black gunpowder in this toy cannon.''

We conceive the rule applicable to this case to be announced in *Studer* v. *Southern Pac. Co.*, 121 Cal. 400, 404, 405 [66 Am. St. Rep. 39, 53 Pac. 942, 943], wherein a child between twelve and thirteen years of age was held as a matter of law to be guilty of contributory negligence, in attempting to climb over the coupling between two freight coaches, a sudden moving of the train at the time having caused his death. Judge Harrison, speaking for the court, said: ''The fact that the deceased was only about twelve years of age did not require the court to submit to the jury whether his attempt to cross the street between the cars constituted negligence. Negligence is the want of such care as a person of ordinary prudence would exercise under the circumstances of the case. When the facts are clear and undisputed, and when no other inference than that of negligence can be drawn from them, the court is not required to submit the question to the jury, but may itself make the inference. (*Nagle* v. *California Southern R. R. Co.*, 88 Cal. 86 [25 Pac. 1106].) The court may also determine whether an act is such as would be performed by a person of ordinary prudence, or whether in the common judgment of mankind it would be deemed dangerous or attended with peril. The same act which would be negligence in an adult may not be such if done by a child, but a child is required to exercise the same degree of care that would be expected from children of his age, or which children of his age ordinarily exercise (*State* v. *Baltimore etc. R. R. Co.*, 24 Md. 84 [87 Am. Dec. 600]; *Collins* v. *South Boston R. R. Co.*, 142 Mass. 301 [56 Am. Rep. 675, 7 N. E. 856]), and the court is as fully authorized as a jury to determine what this degree of care is. Children, as well as

adults, should use the prudence and discretion which persons of their years ordinarily have, and they cannot be permitted with impunity to indulge in conduct which they know, or ought to know, to be careless. 'The law imposes upon minors the duty of giving such attention to their surroundings and care to avoid danger as may fairly and reasonably be expected from persons of their age and capacity.' (*Merryman* v. *Chicago etc. R. R. Co.*, 85 Iowa, 635 [52 N. W. 545].) In the present case the capacity and intelligence of the child are not controverted, and he must be presumed to have had all the qualities ordinarily belonging to a person of his age.''

A kindred principle is recognized in such cases as *Nicolosi* v. *Clark*, 169 Cal. 746 [L. R. A. 1915F, 638, 147 Pac. 971], and *Bradley* v. *Thompson*, 65 Cal. App. 226 [223 Pac. 572], both of which are what is known as attractive nuisance cases and show a trespass by a child upon defendant's property to obtain explosives, with resulting injuries, defendant being exonerated from liability as a matter of law.

The rule above announced is sound. It has not been modified and is applicable to the case before us. It is clearly implied, if not expressly stated, to be an exception to the general rule announced in such cases as *Cahill* v. *Stone & Co.*, 153 Cal. 571, 577 [19 L. R. A. (N. S.) 1094, 96 Pac. 84]; *Nicolosi* v. *Clark*, 169 Cal. 746 [L. R. A. 1915F, 638, 147 Pac. 971]; *Mayne* v. *San Diego Electric Ry. Co.*, 179 Cal. 173, 177 [175 Pac. 690]; *Morris* v. *Standard Oil Co.*, 188 Cal. 468, 471 [205 Pac. 1073]; *Schroeder* v. *Baumgarteker*, 202 Cal. 626 [262 Pac. 740].

It is plainly recognized in *Wallace* v. *Great Western Power Co.*, 204 Cal. 15 [266 Pac. 281], where the court below was sustained in granting a nonsuit on account of contributory negligence on the part of plaintiff, a boy of fourteen years. The following is a list of cases from other jurisdictions similar in fact and principle, where conclusions are announced in harmony with the holding here made: *Dudley & Orr* v. *Hawkins* (Tex. Civ. App.), 183 S. W. 776; *Thornton* v. *Ionia Fair Assn.*, 229 Mich. 1 [200 N. W. 958]; *Shields* v. *Costello* (Mo. App.), 229 S. W. 411; *Holmes* v. *Delaware & Hudson Co.*, 128 App. Div. 24 [112 N. Y. Supp. 421].

This conclusion renders it unnecessary to give consideration to the contention that the excluded ordinance was applicable to plaintiff and violation thereof by him constituted negligence *per se* as well as to the contention that defendant, under the circumstances, may not invoke the terms of said ordinance as a defense. It is for the same reason unnecessary to consider whether the sale of the powder, assuming it to have been a negligent act under the facts of this case, was the efficient, proximate cause of the injuries suffered by plaintiff minor.

In this cause the provisions of section 629 of the Code of Civil Procedure are applicable, authorizing the appellate court, if it appears from the whole evidence that a verdict should have been directed at the trial, to order that judgment be so entered. The judgment is therefore reversed with directions to the court below to enter judgment for the defendant.

Curtis, J., and Seawell, J., concurred.

Hearing in Bank denied.

All the Justices concurred.