[Crim. No. 2704. Second Appellate District, Division Two.—October 2, 1935.]

THE PEOPLE, Respondent, v. FRANCIS RAYMOND GROVES, Appellant.

Richard H. Cantillon for Appellant.

U. S. Webb, Attorney-General, and Bayard Rhone, Deputy Attorney-General, for Respondent.

CRAIL, P. J.—The defendant was charged with the murder of his wife and entered a plea of "Not guilty" and "Not guilty by reason of insanity". On the plea of "Not guilty" he was tried by a jury which returned a verdict of guilty of murder in the first degree with the recommendation of life imprisonment, and subsequently on the plea of "Not guilty by reason of insanity" the same jury returned a finding that the appellant was sane at the time the crime was committed. Upon the hearing of the motion for a new trial, the trial court reduced the offense to murder in the second degree. This appeal is from the judgment of conviction and from the order denying the motion for a new trial. It was the theory of the defendant on his defense of "Not guilty" that the shooting was accidental, but unfortunately for this theory the deceased was shot not once but twice, and a moment after the shooting the defendant was found unconscious lying face down across the lap of the deceased with a bullet wound in the mastoid bone of his head. No powder burns were found around the wounds of the deceased. Threatening remarks had been made previously by defendant to deceased. The jury did not be-

lieve defendant's story that the shooting of the deceased was unintentional and a result of accident or misfortune.

The primary point upon which the defendant relies and the one upon which he places the greatest emphasis is insufficiency of the evidence under the plea of "Not guilty". The briefs are voluminous and the record is long, and we have given them careful consideration. It is sufficient to say with regard to this contention that there is substantial evidence to sustain the verdict. It would serve no useful purpose to set out the facts and circumstances in evidence upon which this statement is based. (*Koeberle* v. *Hotchkiss*, 8 Cal. App. (2d) 634 [48 Pac. (2d) 104].)

The defendant contends that the court erred in refusing to give two instructions on the subject of accidental death which were offered by the defendant, and contends also that no instructions were given to the jury on the subject-matter contained in them. In this the appellant is in error. Indeed, the court carefully and adequately instructed the jury upon every theory advanced by the defendant in the trial. The defendant cannot complain merely because the law was not given to the jury in the exact phraseology which he preferred.

The defendant next contends that the trial court erred in excluding certain testimony of a physician and in admitting other testimony. Assuming that these two rulings were erroneous, which we do not find, nevertheless they are of small consequence in the extended trial and there was no miscarriage of justice resulting from these rulings such as would entitle defendant to a new trial under section 4½, article VI, of the Constitution.

The defendant next contends that an instruction given by the court in the trial of the insanity issue on the subject of direct and circumstantial evidence was erroneous. The first part of the first sentence in the instruction was somewhat clumsy in the use of the phrase "if you are satisfied by a preponderance that defendant is either sane or that he is insane". However, the instruction was not on that subject, but upon the familiar rule that the law makes no distinction between direct evidence and circumstantial evidence in the degree of proof required. The instruction was not a formula instruction. The correct law as to preponderance of evi-

dence was fully and accurately stated elsewhere and obviously the phrase did not result in a miscarriage of justice.
■ The defendant also complains because other instructions offered by the defendant were refused. These instructions were in each instance either fully covered by other instructions or were not correct statements of the law.

■ The defendant finally contends that the court erred in overruling defendant's objection to the imposition of sentence on the ground that sections 1016 and 1026 of the Penal Code, which governed the conduct of the trial, were repugnant to and in contravention of the fourteenth amendment of the federal Constitution in that they denied to the defendant due process of law and equal protection under the law. The Supreme Court has already decided this question adversely to appellant's contention. (*People* v. *Hickman,* 204 Cal. 470 [268 Pac. 909, 270 Pac. 1117].)

Judgment and order affirmed.

Wood, J., and McComb, J., *pro tem.,* concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 17, 1935, and the following opinion then rendered thereon:

THE COURT.—■ In a petition for rehearing the defendant contends that this court "should set forth the two instructions offered by the defendant, determine whether or not both, or either of them, are correct statements of the law, *recite the evidence* adduced by the defendant in support of his theory, and then point out specifically in its Decision wherein this theory was covered by the trial court's instructions . . . ", i. e., set out in addition certain instructions given by the trial court. He also contends that this court should "set forth in its Decision in substance the testimony of the witness, the physician, admitted into evidence by the trial Court, the objections made thereto and the rulings of the trial Court upon the objections . . . " Otherwise, the appellant contends, "he is precluded from and deprived of his *right* to a review by the highest Court" for the reason that this case came by direct appeal to this court rather than from the Supreme Court and that in this type of case when a petition for hearing in that court is presented, that tribunal does

not look to the underlying record but solely to the opinion. The defendant presents with such assurance and with such a degree of sincerity his contention that he is being deprived "of his right to a review by the highest court" that we feel impelled to state the reasons for denying him a rehearing.

In a case such as this where the appeal has been directly to this court the purposes of a hearing in the Supreme Court are to enable that court "in its discretion, to supervise and control the opinions of the several District Courts of Appeal, each of which is acting concurrently and independently of the others, and by such supervision to endeavor to secure harmony and uniformity in the decisions, their conformity to the settled rules and principles of law, a uniform rule of decision throughout the state, a correct and uniform construction of the Constitution, statutes, and charters, and, in some instances, a final decision by the court of last resort of some doubtful or disputed question of law". (*People* v. *Davis,* 147 Cal. 346 [81 Pac. 718, 719].) "The existence of this power [of transfer] and its exercise for the purposes last stated do not give a *right* of appeal from the District Courts of Appeal to the Supreme Court, nor anything which is in legal effect equivalent thereto. . . . *The District Courts of Appeal are established for the purpose of ascertaining and enforcing, according to the rules of law, the particular right of each case committed to their arbitrament.* The state has done its full duty in providing appellate relief for its citizens when it has provided one court to which an appeal may be taken as of right. There is no abstract or inherent right in every citizen to take every case to the highest court." (*People* v. *Davis, supra.*) Finality is intended to accompany the District Court's judgments in such cases. It is for this reason that the Supreme Court on a petition for hearing does not concern itself with the correctness of the decision on the case made out in the record or as between the parties. The Supreme Court has said, "In such cases a rehearing in this court is granted only when error appears upon the face of the opinion of the appellate court, or when a doubtful and important question is presented [upon the face of the opinion] upon which we desire to hear further argument." (*Burke* v. *Maze,* 10 Cal. App. 206 [101 Pac. 438, 440], opinion of Supreme Court, attached, in denying a transfer.)

Of course, the rule is different in that class of cases where the right of review is vested in the Supreme Court upon direct appeal and where the Supreme Court has transferred the cause to one of the District Courts of Appeal for decision. When a case of the latter class is presented to the Supreme Court by a petition for hearing, the grounds upon which it may be granted are not confined to considerations arising out of the validity of the decision *as a precedent.* The Supreme Court will and sometimes does examine and determine the validity of the decision as between the parties as well as on the case stated in the District Court's opinion, and the determination of whether or not a transfer should be made will sometimes depend on a review of the entire case as such. But the case before us is not such a case.

We must keep in mind as heretofore stated that under the theory of our appellate system, justice and due process are satisfied if the unsuccessful litigant is given *one* opportunity for review by a higher court, and that finality is intended to accompany the judgments of the District Courts of Appeal. The Supreme Court should not be required to review the case unless the opinion contains a bad precedent. And the defendant does not claim that any error appears upon the face of the opinion or that a doubtful and important question appears upon the face of the opinion. Manifestly the matters which he wishes set out would not be of interest to the general public. It is not logical to argue that because the judgments of this court are intended to be final therefore the facts should be set out in the opinions of the court in great detail or that they should be set out in greater detail than in those cases where the right of appeal was directly to the Supreme Court The reasoning and logic are the other way around. If the judgments in this class of cases *are* intended to be final, and if the precept be true which we hear over and over again from the platforms of bar associations and in the law journals that ''brevity of opinions is a cardinal virtue second only to clearness'', then a correct decision with a short, clear statement of the reasons for the decision as contemplated by the Constitution is all that should be expected. Such a decision was rendered herein. The practice of writing short opinions in this class of cases will save the Supreme Court an endless amount of work in passing upon petitions for hearing in that

tribunal. Furthermore, our observation is that it is not the short opinion which the Supreme Court takes for review, but those long opinions which attempt to "strut like peacocks, tail feathers widely spread". In the meantime, as the result of putting into practice the views above expressed, our court is fully up with the work. All cases are on the calendar which have not been already submitted. On the day cases are filed they are set for hearing for the first Friday after the lapse of the necessary eighty days required for briefs.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 31, 1935.