[Civ. No. 10904. First Appellate District, Division Two.—December 18, 1939.]

RALPH MATHEWS, a Minor, etc., Appellant, v. CITY OF ALBANY (a Municipal Corporation) et al., Respondents.

Leo A. Sullivan, A. K. Whitton and C. H. Frost, Jr., for Appellant.

Crosby & Crosby, Joseph J. Yovino-Young, City Attorney, and J. T. Blalock for Respondents.

NOURSE, P. J.—A judgment of nonsuit was entered in favor of defendants in an action by plaintiff, an infant of about twelve years of age, for personal injuries.

On July 4, 1936, a fireworks display was conducted upon property leased by the City of Albany for playground purposes. The city purchased the fireworks from a local hardware company which furnished a man who discharged them at a public celebration on the night of the Fourth. The following day, a Sunday, several children found unexploded fireworks on the premises, which they carried away. The plaintiff found an unexploded bomb. He opened it and poured the powder into an empty container. He found an empty "shell" which had been shot off the night before. He poured the powder into an empty container. He found an exploded bomb which he opened. He poured this powder into his "shell", took it home, and placing it in his back yard, set a match to the open powder. Injuries to his eyes resulted from the ignition of this powder.

The appellant has raised a number of objections to the order granting a nonsuit, but they all fall before the unimpeached testimony of his own witnesses which discloses his contributory negligence as a matter of law. His own testimony shows that he had played with fireworks for a number of years; knew that when he lit loose powder it would either burn or explode; knew that there were two kinds of powder used in fireworks—one which would merely burn when ignited, the other which would explode; had been specially warned that the "bombs" used at the park on the previous night were dangerous and knew that they were of the kind that would explode; and thus knew that when he ignited the powder which he had placed in the container it would cause an explosion. The evidence is that he was a boy of normal mental and physical capacity, but one having more than normal knowledge and experience of and with explosives.

The case is controlled by *Bolar* v. *Maxwell Hardware Co.*, 205 Cal. 396, 401 [271 Pac. 97, 60 A. L. R. 429], where a number of cases to the same purport are cited. The accepted rule is that a minor is bound to exercise the intelligence with which he is endowed, that upon his discovery of perils he must exercise such care to avoid injury as may

fairly and reasonably be expected from persons of his age and physical and mental capacity. (20 R. C. L., p. 125.) And, where the capacity and intelligence of the child are not controverted, the court may determine, as matter of law, whether the particular act is such as would be performed by one of his age, capacity, and intelligence. (*Studer* v. *Southern Pac. Co.*, 121 Cal. 400, 404 [53 Pac. 942, 66 Am. St. Rep. 39].)

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 17, 1940, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 15, 1940. Carter, J., voted for a hearing, and filed the following opinion:

CARTER, J., Dissenting from Order Denying Hearing.— I am of the opinion that a hearing should be granted in this case and the cause transferred to this court for hearing and decision, notwithstanding the statement of facts contained in the opinion of the District Court of Appeal might be considered sufficient to support the conclusion reached by that court that plaintiff was guilty of contributory negligence as a matter of law, and also notwithstanding the procedural policy announced by this court in the case of *People* v. *Davis*, 147 Cal. 346 [81 Pac. 718], and in denying a hearing by this court in the case of *Burke* v. *Maze*, 10 Cal. App. 206 [101 Pac. 438], to the effect that in considering a petition for a hearing of a cause within the appellate jurisdiction of the District Court of Appeal after a decision rendered by such court, this court should not go beyond the statement of facts contained in the opinion of the District Court of Appeal, and if such opinion contains a correct statement of the law based upon the facts contained therein, a hearing should be denied by this court. The above-mentioned procedural policy was adopted by this court under the assumption that the District Courts of Appeal would set forth a correct statement of the facts in their opinions for the guidance of this court in considering petitions for a hear-

150

ing of causes decided by said courts. Under this assumption, the procedural policy announced in said cases would have the effect of facilitating the work of this court and aiding in the administration of justice.

Since the adoption of the above-mentioned procedural policy, grave doubt has arisen in the minds of many members of the legal profession, and I dare say of some of the members of this court, as to whether such policy has not been the means of grave injustice being done to litigants in numerous cases because of the failure of some District Courts of Appeal to furnish a correct statement of facts in their opinions which come before this court for review.

In my opinion, such a situation is presented in the case at bar, and this court should, notwithstanding the procedural policy above mentioned, grant a hearing in this case. The facts as disclosed by the undisputed evidence in this case which I have obtained from a reading of the record, are as follows:

On the night of July 4, 1936, the City of Albany, in Alameda County, California, held a fireworks' display as a part of the 4th of July celebration, jointly with the American Legion and its auxiliary. This fireworks' display was held at the University playground in the City of Albany, which was operated as a park and playground by said city, and which was at all times under the direction of its recreation department. Plaintiff, then a boy approximately eleven years and eleven months of age, who lived with his parents near said University playground, visited said playground on said occasion and witnessed said display. In accordance with the customary practice at such displays, the crowd was kept a safe distance from the place where the fireworks were being discharged. After the display, plaintiff returned to his home and did not return to the playground until about 4 o'clock the following afternoon, at which time he found on the playground where the fireworks had been discharged, an egg-shaped object about three inches in diameter and about five inches in length, which proved to be one of the bombs brought there for use in the display. He had never seen such an object before. He also found on said playground a cylinder-like container into which he poured the contents of the bomb and carried same to the back yard of his home nearby. The bomb contained about a cup of silver-colored material having the appearance of sand, which plaintiff thought was powder.

He then touched a lighted match to such material, which exploded into plaintiff's face resulting in the loss of his right eye and serious burns. Plaintiff was evidently rendered unconscious by the explosion as he testified that the next thing he remembered after lighting the match, was that he was in an automobile going to a hospital.

Plaintiff was a boy of average intelligence. He was not a brilliant student in school and received just passing grades. He had had some experience with fireworks and fire crackers, such as a normal boy of his age would have had. He testified that on two previous Fourth's of July, he had lit small fire crackers and sparklers and made "cats and dogs" out of small fire crackers; that he understood that powder would explode when it was sealed up or enclosed, but that powder ignited otherwise than in a sealed container would merely flare up and would not explode. He thought the material which he removed from the bomb was powder, and he touched a lighted match to it to see it flare up, thinking it would not explode while in the open container in which he had placed it.

It is readily observed that the factual situation above depicted, which appears from the undisputed evidence in the record is, in many essential particulars, directly contrary to that stated in the opinion of the District Court of Appeal, upon which that court held that the plaintiff was guilty of contributory negligence as a matter of law. In view of the statement of facts above narrated, there can be no question that the issue of contributory negligence was a question of fact and not a question of law in this case. (*Lambert* v. *Western Pac. Ry. Co.,* 135 Cal. App. 81 [26 Pac. (2d) 824].)

The appeal in this case was from an order of the trial court granting a nonsuit in favor of all of the defendants. A perusal of the record discloses that the basis of the order granting the nonsuit was the insufficiency of the evidence to fasten the liability for plaintiff's injuries upon said defendants and said order was not based upon a holding by the trial court that plaintiff was guilty of contributory negligence as a matter of law.

The uniform rule which an appellate court should follow in disposing of an appeal from a judgment of nonsuit is that the court must view the evidence in the light most favorable

to the appellant, must disregard all inconsistencies and draw only those inferences from the evidence which can reasonably be drawn which are favorable to the appellant. (*Union Const. Co.* v. *Western Union Tel. Co.*, 163 Cal. 298 [125 Pac. 242] ; *Gregg* v. *Western Pac. Ry. Co.*, 193 Cal. 212 [223 Pac. 553] ; *Ezmirlian* v. *Otto*, 139 Cal. App. 486 [34 Pac. (2d) 774].)

After the decision of the District Court of Appeal was rendered, appellant petitioned for a rehearing in that court challenging the statement of facts in said opinion, but such petition was denied. Under such circumstances, to apply the doctrine announced in the cases of *People* v. *Davis* and *Burke* v. *Maze*, *supra*, to this case is, in my opinion, a deprivation of justice and will tend to frustrate rather than promote the administration of justice.