### Application of GORDON.

Circuit Court of Appeals, Ninth Circuit.

Oct. 19, 1946.

Maurice Gordon, of Los Angeles, Cal., for petitioner.

DENMAN, Circuit Judge.

This is a motion under 28 U.S.C.A. § 466 for a certificate of probable cause for an appeal from the dismissal by the District Court of a petition for a writ of habeas corpus, that court holding the petition did not state any ground for relief.

A similar motion for the certificate has been denied by the District Court below. For the reasons hereafter stated, I agree it was properly denied.

The prisoner has been convicted and sentenced by the Superior Court of the State of California, in and for the County of Los Angeles, on one count of conspiracy, California Penal Code, § 182, and several counts of grand theft, California Penal Code, § 484. His sentence on the grand theft counts are to run concurrently, but consecutively to the conspiracy sentence.

The prisoner is in prison now less than one year, which is the minimum sentence for the grand theft counts. If there is no denial of due process in respect to those counts, then he is legally imprisoned and the petition for habeas corpus is prematurely brought. In respect to the grand theft counts, the prisoner maintains that on his appeal to the District Court of Appeal for the State of California that court, in its opinion, misstated the facts and so decided the case improperly. Since, however, the facts so misstated supported the legal points held by the California District Court of Appeal, the Supreme Court of the State of California refused to grant a hearing under its rule that a hearing after a decision by the District Court of Appeal would be granted only if the law there expressed was incorrect as applied to the facts as set forth in the opinion. People v. Davis, 147 Cal. 346, 81 P. 718. This statement, if correct, indicates no more than error in the course of appeal. The writ of habeas corpus is not available to relieve from error. Burall v. Johnson, 9 Cir., 134 F.2d 614.

Petitioner is imprisoned by authority of a sentence imposed under California Penal Code, § 1168, the Indeterminate Sentence Law of that state. He claims that that sentence is void because the law is invalid under Article VI, § 1 of the California Constitution,[1] "and thereby deprives petitioner of due process and equal protection of the law guaranteed to him by the Constitution of the State of California and the Constitution of the United States."

The validity of the California Indeterminate Sentence Law was upheld in so far as Article III, § 1 of the California constitution[2] is concerned in In re Lee, 1918, 177 Cal. 690, 171 P. 958. The arguments there made are equally applicable to Article VI, § 1, and have, I believe, settled this question beyond further consideration by a federal court. Petitioner's contention would make every criminal sentence in California invalid. I do not agree.

The motion is denied.

---

[1] "Section 1. The judicial power of the State shall be vested in the Senate, sitting as a court of impeachment, in a supreme court, district courts of appeal, superior courts, such municipal courts as may be established in any city or city and county, and such inferior courts as the Legislature may establish in any incorporated city or town, township, county or city and county."

[2] "Section 1. The powers of the government of the State of California shall be divided into three separate departments—the legislative, executive, and judicial; and no person charged with the exercise of powers properly belonging to one of these departments shall exercise any functions appertaining to either of the others, except as in this Constitution expressly directed or permitted."