THE COURT.
This is an appeal from a judgment of dismissal following a ruling which sustained respondent’s general demurrer to appellant’s complaint without leave to amend.
In 1956, appellant herein filed an action in the Superior Court of Santa Cruz County against one Alice I. Cardoza to recover the sum of $10,000. The trial of that action was terminated by the entry of judgment of nonsuit. In Hoase v. Cardoza, 165 Cal.App.2d 35 [331 P.2d 419], said judgment of nonsuit was affirmed by the District Court of Appeal *257 for the Third Appellate District in an opinion authored by Mr. Justice Pro Tempore Warne and concurred in by Mr. Justice Peek and Mr. Justice Sehottky. Appellant filed no petition for hearing by the Supreme Court.
Following her unsuccessful appeal, appellant filed two actions in the Superior Court of Santa Cruz County: (1) the present action in equity to set aside the judgment of nonsuit in Haase v. Cardoza, naming as defendants the Honorable Phil S. Gibson, Chief Justice of the Supreme Court of California; the Honorable Gilbert Perry, Judge of the Santa Cruz Superior Court; the Honorable Paul Peek and the Honorable Andrew R. Sehottky, Justices of the District Court of Appeal for the Third Appellate District; the Honorable John Warne, who has served as Justice Pro Tempore on said Appellate Court; Alice I. Cardoza; and certain other individuals; and (2) an action for damages, discussed in a separate opinion (Haase v. Gibson, No. 24094, post, page 259 [3 Cal.Rptr. 808]).
The complaint in this action is largely devoted to a lengthy diatribe against the several judges who participated in the decision of the former action in the trial court and on appeal. It is replete with scandalous and impertinent matters. The major charges against the trial judge are that he misconceived and misapplied the law in granting the nonsuit and later “doctored” the reporter’s transcript to specify a ground for the ruling which was not mentioned during the course of the trial. The principal charge against the Chief Justice is that he wrongfully and unlawfully caused the former appeal to be transferred from the First to the Third Appellate District. It is further alleged that because of this transfer, the Third Appellate District lacked jurisdiction to hear the appeal.
The prayer of the complaint reads as follows: “Wherefore, plaintiff prays that this Court make and give its decree and order that the purported judgment of dismissal (on non-suit) entered against plaintiff herein by Honorable Gilbert B. Perry in Civil Suit No. 12, 182, files and records of the above named court, entitled Rose Cardoza Haase v. Alice I. Cardoza, be set aside, annulled and vacated and declared of no legal force or effect in future proceedings by Rose Cardoza Haase against Alice I. Cardoza, or any of the above named defendants.' ’
A general demurrer filed on behalf of the Chief Justice was sustained without leave to amend and a judgment was *258 entered dismissing the complaint. The present appeal is from this judgment.
It is manifest that there is no merit whatever in this appeal. The complaint obviously states no semblance of a cause of action against the Chief Justice. It seeks no cognizable form of relief against him and, clearly, he is not a proper party to it. The sole purpose of this action, as indicated by. the prayer of the complaint, is to set aside as void a judgment of the superior court. An equitable action to set aside an order or judgment on the ground that it is void ordinarily is one by “the losing party against the successful party.” (3 Within, California Procedure, 2120, Judgment, § 67.)
There is no substance in the charge that the Chief Justice wrongfully transferred the appeal in Haase v. Cardoza from the First Appellate District to the Third Appellate District. Under the Constitution of this state it is not the Chief Justice but rather the Supreme Court which is empowered to transfer “any ease ... in the District Court of Appeal for one district ... to the District Court of Appeal for another district, or in one division of a District Court of Appeal ... to another division of the same District Court of Appeal, for decision.” (Cal. Const., art. VI, § 4c.) This power of the Supreme Court to transfer causes is “absolute” and may be exercised “without the assignment of any reason, or the existence of any reason other than its own discretion.” (People v. Davis, 147 Cal. 346, 348 [81 P. 718].)
The judgment is affirmed.