[Crim. No. 3088. Second Appellate District, Division Two.—June 3, 1938.]

THE PEOPLE, Respondent, v. WILLIAM YOUNG, Appellant.

Harvey L. Silbert for Appellant.

U. S. Webb, Attorney-General, and Bayard Rhone, Deputy Attorney-General, for Respondent.

McCOMB, J.—Appellant was convicted after trial by jury of violating section 288a of the Penal Code. This appeal is from the judgment and order denying his motion for a new trial.

Viewing the evidence most favorable to the People (respondent), the essential facts are:

July 5, 1937, defendant committed an act prohibited by section 288a of the Penal Code.

Defendant relies for reversal of the judgment on the following propositions:

*First: The evidence is insufficient to sustain the judgment.*

*Second: The trial court committed prejudicial error in denying (a) defendant's motion for permission to enter an additional plea of not guilty by reason of insanity, and (b) defendant's motion for a new trial on the ground of newly discovered evidence.*

Defendant's first proposition is untenable. We have examined the record and are of the opinion there was substantial evidence considered in connection with such inferences as the jury may have reasonably drawn therefrom to sustain each and every material fact upon which the judgment of guilty was predicated. (*Thatch* v. *Livingston,* 13

Cal. App. (2d) 202 [56 Pac. (2d) 549]; *People* v. *Groves,* 9 Cal. App. (2d) 317, 321 [49 Pac. (2d) 888, 50 Pac. (2d) 813]; *Leavens* v. *Pinkham & McKevitt,* 164 Cal. 242, 245 [128 Pac. 399].) We therefore refrain from further discussion of the evidence.

The proposition set forth in paragraph (a) of defendant's second proposition is likewise untenable. The law is settled that the trial judge's ruling denying defendant's application for permission to file an additional plea of not guilty by reason of insanity will not be disturbed on appeal, except upon a showing of abuse of discretion by the trial judge. (*People* v. *Morgan,* 9 Cal. App. (2d) 612, 615 [50 Pac. (2d) 1061].)

Defendant was arraigned August 26, 1932, and on his motion time to plead was continued to August 30, 1937. On this last date time to plead was continued to September 8,. 1937, and defendant was ordered transferred to the Los Angeles General Hospital for observation and examination as to his mental condition. After several intervening continuances on September 17, 1937, defendant entered the single plea of not guilty, and trial of the case was set for October 22, 1937. Subsequent thereto the case was continued and finally called for trial January 4, 1938, on which date defendant made a motion to add the additional plea of not guilty by reason of insanity, which motion was denied by the trial judge, the physician at the General Hospital having reported to the court that defendant showed no evidence of mental disease.

Since over four months had elapsed from the time of the original arraignment until the date of trial, with several intervening court appearances by the defendant, and no application for permission to file an additional plea of not guilty by reason of insanity having been made, it is obvious that the trial court in denying the motion here questioned exercised a sound discretion.

The proposition set forth in paragraph (b) of defendant's second proposition is also without merit. A motion for a new trial upon the ground of newly discovered evidence is addressed to the sound legal discretion of the trial judge, whose action will not be disturbed on appeal except upon a showing of abuse of discretion. (*People* v. *Yeager,* 194 Cal. 452, 491 [229 Pac. 40]; see, also, cases cited 8 Cal.

Jur. (1922) 442, sec. 463, note 6; 4 Cal. Jur. Ten-year Supp. (1936) 761, sec. 463, note 6.)

Defendant filed affidavits on the ground of newly discovered evidence alleging in substance that after the complaining witness had testified she made statements in the presence of affiants contrary to the testimony which she had given in open court. The People filed counteraffidavits in which it was alleged that the complaining witness had not made the statements attributed to her in the affidavits filed on behalf of defendant. On a motion for a new trial, where conflicting affidavits are filed, the question of fact is one for the determination of the trial judge and his determination will not be disturbed upon appeal if there is substantial evidence, as there was in the instant case, to sustain his finding. (*People* v. *Lee Yick,* 189 Cal. 599, 610 [209 Pac. 538]; 8 Cal. Jur. (1922) 442, sec. 463, note 9.)

For the foregoing reasons the judgment and order are and each is affirmed.

Crail, P. J., and Wood, J., concurred.