[Crim. No. 3904. First Dist., Div. Three. Jan. 16, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. FRANK JOSEPH RAMON NATALE, Defendant and Appellant.

Thomas L. Bocci, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, John S. McInerny and Edward P. O'Brien, Deputy Attorneys General, for Plaintiff and Respondent.

SALSMAN, J.—The defendant was indicted by the grand jury of San Mateo County and accused of a felony in each

of two counts: (1) the murder of Vivian Natale, his wife, and (2) the murder of Frances Natale, his daughter, each offense in violation of section 187 of the Penal Code.

After a jury trial the defendant was found guilty on both counts and the degree of the murder was fixed as second degree. This appeal is from the judgment.

The defendant first contends the evidence is insufficient to justify each of the verdicts of guilty of second degree murder. We do not here set forth the facts in detail. The briefs of the parties contain references to most of the material facts, and what is not contained in the briefs is to be found in the 11 volumes of 2,384 pages of the reporter's transcript. We have examined the record and we find substantial evidence to support the verdict of the jury as to each count. It would serve no useful purpose to encumber this opinion with the facts and circumstances in evidence upon which this statement is based. (See *Koeberle* v. *Hotchkiss,* 8 Cal.App.2d 634 [48 P.2d 104]; *People* v. *Groves,* 9 Cal.App.2d 317 [49 P.2d 888, 50 P.2d 813]; *Thatch* v. *Livingston,* 13 Cal.App.2d 202 [56 P.2d 549]; *People* v. *Young,* 26 Cal.App.2d 700 [80 P.2d 138].)

The defendant contends that the trial court abused its discretion in denying at the commencement of the trial his motion to enter a dual plea of not guilty and not guilty by reason of insanity. Two days before the date on which the trial began counsel for the defendant was given a statement of the defendant made to a police officer one week after the homicides. The defendant contends that the nature of this statement was such that there may have been a question relating to his sanity, and for this reason the court should have allowed him to withdraw his plea of not guilty and to enter a plea of not guilty and not guilty by reason of insanity.

The defendant has been represented by counsel since prior to his arraignment. The record shows that on March 29, 1960, his counsel petitioned the trial court for a psychiatric examination of the defendant, and also moved for a continuance of the trial date until a thorough psychiatric examination could be performed. The trial was continued for a total of 70 days, from March 28th until June 6, 1960, during which time the defendant was examined by two different psychiatrists on at least two occasions. The psychiatrists had the benefit of reviewing statements made by the defendant to the authorities shortly after his arrest. These statements comprised some 40 pages of typewritten interrogation. On the

basis of their examination and the record, the psychiatrists determined that a finding of insanity would not be justified and defendant's counsel decided that a plea of not guilty by reason of insanity should not be entered.

On June 6, 1960, the date set for trial, the deputy district attorney discovered among his papers the notes of Officer Fabbri relating to a conversation which that officer had with the defendant about a week after the homicides. The deputy explained to the court that these notes had been inadvertently overlooked when he turned over to defendant's counsel the various statements made by the defendant to the authorities.

The sole basis for defendant's motion to enter a dual plea on the opening day of the trial was the statement of the defendant made to Officer Fabbri on February 10, 1960. That statement was brief, and its substance is as follows: The officer asked the defendant if he had fired the gun with his left or right hand, and the defendant replied ''Of course, I shot with my right hand. I am right-handed.'' The defendant then asked the officer if the funeral had been held for his wife and the officer replied in the affirmative. The defendant then said: ''Well, what's the difference, I hope they bury that bum with all of her boy friends and all of the clothes that the boy friends bought for her.''

The defendant relies upon *People* v. *Griggs*, 17 Cal.2d 621 [110 P.2d 1031]. That case is readily distinguishable from the case now before us. There the defendant entered a plea of guilty to a charge of murder on an understanding reached with the district attorney that he would receive a life sentence. When it became apparent that he was about to receive a death sentence he stated the facts to the court and asked to withdraw his plea of guilty and to enter a plea of not guilty. His request was denied and he was sentenced to death. The district attorney did not deny that he had made a representation that the defendant would receive a life sentence. The Supreme Court reversed, saying: ''. . . the law should be particularly considerate of one who, in good faith, has acted upon the inducement of a prosecuting officer and later seeks to stand upon his right to a trial, offering to produce substantial evidence in support of his innocence of the crime charged against him.'' In the case now before us the deputy district attorney has done nothing to induce the defendant not to plead not guilty by reason of insanity. The notes of Officer Fabbri were not intentionally withheld from defendant's counsel, and a continuance of two days was granted

to the defendant when these notes were discovered. The statements of the defendant as reflected in Officer Fabbri's notes, were similar in content to other statements made by the defendant, some 40 pages of which had theretofore been given by the deputy district attorney to the defendant for his use and the use of his psychiatrists.

 "The law is settled that the trial judge's ruling denying defendant's application for permission to file an additional plea of not guilty by reason of insanity will not be disturbed on appeal, except upon a showing of abuse of discretion by the trial judge." (*People* v. *Young*, 26 Cal.App. 2d 700 at p. 702 [80 P.2d 138].) We find no abuse of discretion here.

 The defendant further contends that it was error to deny his motion for a continuance of some four weeks in order to obtain a further medical study on the question of his sanity. This motion was also based on the contents of the notes of Officer Fabbri above referred to. We think the court properly exercised its discretion in refusing the defendant any further continuance. When the court exercises a reasonable and not an arbitrary discretion its action will not be disturbed on appeal. (*People* v. *Gaines*, 1 Cal.2d 110, 113-114 [34 P.2d 146].)

 The defendant claims that Penal Code section 1095 gives him a right in a capital case to have two counsel argue his case to the jury. The court denied his motion for the appointment of additional counsel for this purpose. The right guaranteed by this section is applicable only to a defendant who has retained more than one attorney as counsel in the case. It does not give the defendant in a capital case the right to have more than one counsel appointed to represent him, but merely allows a defendant who has retained multiple counsel the right to have at least two of them argue the case. We find no violation of any right of the defendant in the court's ruling on this subject. (See also *People* v. *Chessman*, 38 Cal.2d 166 [238 P.2d 1001].)

The defendant's final complaint is that the trial court failed to charge the jury properly concerning the defendant's mental condition at the time of the offense. He claims that certain instructions requested by him should have been given by the court to the jury because of the great reliance of the defense on provocation which it is claimed reduced the crime to voluntary manslaughter.

We have examined all of the instructions given by the court and we find that the jury was fully and fairly instructed on all of the issues.

The defendant contends that his proposed instruction No. 5 should have been given because of the great reliance he placed upon the decedent's alleged use of the term ''dago'' as establishing the provocation that would reduce the crime to voluntary manslaughter. The court covered the question of provocation in its modification of defendant's requested instruction No. 5, and properly refused to instruct the jury in the words of the defendant's erroneous instruction No. 24. A portion of defendant's instruction No. 24 reads as follows: ''The word 'dago' is a slanderous and provoking word having its roots in another era during the immigration of Italian citizens to this count[r]y. It is inflammatory in nature and intended to incite the passions and emotions of those to whom it is directed. It has particular application in its common usage to those among us American citizens who are of Italian ancestry and in its ordinary usage under unfriendly circumstances would attach [*sic*] and belittle that ancestry.'' The court properly refused this instruction. Its language suggests an arbitrary and absolute standard with respect to provocation and would permit a finding of adequate provocation merely because the word ''dago'' may have been used by the victim of an assault.

The judgment is affirmed.

Draper, P. J., and Devine, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 14, 1962.