9 F.3d 1553
 Pens. Plan Guide P 23889F
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 James W. POTTER, Plaintiff-Appellant,
v.
EATON CORPORATION, et al.; Eaton Corporation, Pension Plan
for Salaried Employees, Defendants-Appellees.
 No. 92-15848.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 7, 1993.
Decided Oct. 28, 1993.
 Before: HUG, FARRIS, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The primary issue in this case is whether Eaton could properly offset Potter's vested benefits under the Eaton Salaried Plan ("Eaton Plan") against his benefits under Automotive Industries Pension Plan ("Union Plan") that compensated for the same years of employment. The district court found the offset proper and granted Eaton summary judgment. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 In 1972, at the time Potter transferred from the Eaton Plan to the Union Plan for hourly workers, section 4.3 of the Eaton Plan provided then, as it did when he retired:
 
 
 4
 If any individual entitled to benefits under this Plan shall be or become entitled, under a plan for hourly rate employees of the Company, ... to pension benefits with respect to his years of employment on a Salary compensation basis ..., his benefits under this Plan with respect to such years of employment shall be reduced on an actuarially equivalent basis by such benefits of such plan for hourly rate employees.
 
 
 5
 The Eaton Plan administrators determined that Potter did become entitled to benefits under the Union Plan for hourly workers of the Eaton Company for his years of employment with Eaton as a salaried employee. The administrators thus deducted the benefits earned under the Union Plan from the benefits earned under the Eaton Plan. Under the plain language of section 4.3 of the Eaton Plan, this was an appropriate action. Although the appellant constructs an argument that the offsetting plan must be another "plan of the Company" maintained and administered by the Company, this is not what the provision says. Section 4.3 provides that the offsetting plan is one for "hourly rate employees of the Company."
 
 
 6
 Appellant further argues that a letter written by Joseph Waugh, an official of Eaton, provides a basis for estoppel under California State law or under the National Labor Relations Act. This circuit has adopted a "substantially related" test to determine whether ERISA preempts state law. Lafferty v. Solar Turbines Int'l., 666 F.2d 408, 410 (9th Cir.1982). The court looks to when the substantial acts contributing to a cause of action occurred. Id. Both parties concede that ERISA jurisdiction was properly invoked.
 
 
 7
 We need not delve into the complexities of whether estoppel under state law or under the NLRA could be applicable because it is clear that the Waugh letter provides no basis for estoppel in any event. The Waugh letter states:
 
 
 8
 [I]n order to qualify for Eaton Vested Pension benefits payable at retirement, [the employee] must have had ten (10) years of service and be at least forty (40) years of age. Therefore, the following employees will have vested pension rights....
 
 
 9
 The letter then named eight employees including Potter.
 
 
 10
 The letter did not establish that Potter had a vested right to a specific calculated amount nor did it, in any way, vary from the language of the Eaton Plan or state that the offset provision found in the plan was inapplicable. The section 4.3 of the Eaton Plan provides that benefits "shall be reduced" on an actuarially equivalent basis by benefits of a plan for hourly rate employees when they cover the same years of employment. Thus, the plan administrators acted properly in 1989 when they applied the offset provision in the Eaton Plan to Potter's benefits.
 
 
 11
 Under section 4.3, Potter is entitled to one pension for his years of employment in which he is eligible for overlapping benefits. His pension compensation for this period cannot be less than his full Eaton pension, but he cannot collect two pensions for the same years of employment with Eaton. The district court did not err by granting summary judgment to Eaton.
 
 
 12
 The district court did not abuse its discretion when it denied Potter's motion to amend under 29 U.S.C. § 185, the Labor Management Relations Act. If the proposed amended complaint cannot withstand a motion to dismiss, then the amendment should be denied as futile. Allen v. City of Beverly Hills, 911 F.2d 367, 373 (9th Cir.1990). The action of the administrators in applying the offset provision of the Eaton Plan did not deprive Potter of any vested interest in the Eaton Plan or of any interest in the Union Plan, it merely precluded double payment for the same years of employment with Eaton. Thus, there was no breach of any collective bargaining agreement which could withstand a motion to dismiss.
 
 
 13
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3