9 F.3d 1553
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John H. TODD, Plaintiff-Appellant,
v.
Kenneth E. JONES; Edward Irvin; W. Rand Schuft; Martin J.
Sorenson; Michael C. Jenkins; et al.,
Defendants-Appellees.
 No. 92-16681.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 20, 1993.*
Decided Oct. 29, 1993.
 
 Before: BEEZER, KOZINSKI, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John Todd appeals pro se the district court's summary judgment and order of dismissal under Fed.R.Civ.P. 12(b)(6) in favor of the defendants, various Nevada law enforcement authorities and parole authorities, in Todd's 42 U.S.C. § 1983 action. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo. Jones v. Union Pacific R.R., 968 F.2d 937, 940 (9th Cir.1992) (summary judgment); Woodrum v. Woodard County, Okl., 866 F.2d 1121, 1124 (9th Cir.1989) (failure to state a claim). We affirm.
 
 
 3
 Todd was arrested by Eureka County, Nevada law enforcement authorities on November 24, 1986, based on an out of state arrest warrant from Inyo County, California. Todd posted bail, and was released pending extradition proceedings. Todd filed his complaint in this action on January 28, 1992. Todd contends that his civil rights were violated because he was never granted a hearing regarding the arrest, because there will always be a record of his arrest for the charge, and because there has never been a disposition for the California charge. Todd also alleges that the parole and probation officials violated his civil rights when they filed an inaccurate presentence report with the court regarding another arrest by the Eureka County law enforcement officials.
 
 Defendants Schuft and Jenkins
 
 4
 Todd claims that Schuft, a parole and probation officer, during the period from November 11, 1986 through April 1988, prepared Todd's presentence report and made false or incorrect statements in the report. Todd further claims that Schuft withheld information from the court that would have mitigated the circumstances surrounding the case. These claims fail because a probation officer preparing and submitting a probation report in a criminal case is absolutely immune from damages liability under § 1983. See Demoran v. Witt, 781 F.2d 155, 157-58 (9th Cir.1985); Burkes v. Callion, 433 F.2d 318, 319 (9th Cir.1970), cert. denied, 403 U.S. 908 (1971). Additionally, the district court correctly found that this claim is barred by the Nevada two-year statute of limitations for personal injury actions applicable to § 1983 actions. See Wilson v. Garcia, 471 U.S. 261, 280 (1985) (state statute of limitations for personal injury actions applies to civil rights actions); Nev.Rev.Stat. § 197.190(4)(e) (Nevada's statute of limitations for personal injury actions is two years).
 
 
 5
 Todd next claims that Jenkins, the Nevada Department of Parole and Probation Interstate Compact Supervisor, caused an unnecessary delay or restraint which prevented him from receiving an early termination of probation. Todd also alleges that Jenkins failed to interact and communicate with Utah probation officers by not responding to requests for positive recommendations. Todd further states that Jenkins used false evidence and facts to support his actions.
 
 
 6
 To the extent that Todd attempts to state a claim concerning early release from probation, his claim fails. There is no mandatory requirement that a probationer receive an early release from probation. See Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence.") Further, there is no right to early release on parole or probation under Nevada state law. See Nev.Rev.Stat. § 213.10989 (release or continuation of a person on parole or probation is an act of grace of the state). Therefore, Todd's claim against Jenkins also fails. Accordingly, the district court did not err by granting these defendants' motion to dismiss.
 
 Defendants Jones, Irvin, and Sorenson
 
 7
 The acts by defendants Jones and Sorenson occurred on November 25, 1986, when Todd was arrested pursuant to the out of state warrant. Thus, as the district court found, these claims are barred by the two-year Nevada state statute of limitations. See Wilson, 471 U.S. at 280; Nev.Rev.Stat. § 197.190(4)(e). Todd also contends that Irvin, Jones, and Sorenson conspired to deprive him of his civil rights. Because Todd's conspiracy allegation is conclusory, the district court properly granted summary judgment on this claim. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1985) (summary judgment cannot be defeated by conclusory allegations unsupported by factual data).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3