9 F.3d 1553
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
STATE ex. rel. ATLANTIC RICHFIELD COMPANY, a Delaware
corporation ("ARCO"), Plaintiff-Appellant,
v.
DEPARTMENT OF HEALTH AND ENVIRONMENTAL SCIENCES OF THE STATE
OF MONTANA, Defendant-Appellee.
 No. 92-35194.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 6, 1993.
Decided Oct. 29, 1993.
 
 Before: GOODWIN, SCHROEDER and PREGERSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Atlantic Richfield Co. ("ARCO") appeals from a final order dismissing its case with prejudice. Its original complaint, filed in Montana state court, sought a writ of mandate directing the Montana Department of Health and Environmental Services ("DHES") to disclose certain documents relating to a superfund hazardous waste site.
 
 
 3
 ARCO relied on Montana "freedom of information" and public document law and carefully refrained from pleading any suggestion of a federal question. The record contains a letter from ARCO dated May 24, 1989 requesting access, inspection and copying of all documents in the possession of DHES regarding the Colorado Trailings, Rocker Timber Farming Site and Warm Springs Ponds units of the Silver Bow Creek/Butte Area NPL Site. This letter states that ARCO had the right to inspect such documents under Article II, § 9 of the Montana State Constitution and the Montana Public Records Act, § 2-6-101, et seq. M.C.A. DHES responded with a letter stating that "all non-privileged information on the sites on file with the Department are open and available for your inspection and/or copying."
 
 
 4
 Because ARCO is involved in litigation and is a potentially responsible party under CERCLA, the district court accepted removal jurisdiction. The state contended, and the district court agreed, that ARCO was simply using an artful pleading to attempt to obtain documents from the state to use in collateral litigation and in planning its litigation strategy, after experiencing frustration in other attempts to obtain documents which the state asserted to be privileged. We need not decide whether removal jurisdiction was available because the parties ultimately filed a stipulation for dismissal without prejudice, agreeing that discovery questions should be determined in the pending CERCLA litigation.
 
 
 5
 We hold that the court abused its discretion in rejecting the stipulation of the parties to dismiss the case without prejudice. When the district court entered the challenged order, the parties became concerned that the order may have collateral effect in other pending cases. We need not decide what effect, if any, the order may have on future litigation in federal court, because the record before us reveals no specific discovery rulings requested or made in the pending case or cases.
 
 
 6
 We are not permitted to write advisory opinions to assist counsel in planning their litigation strategy. We vacate the order and remand the case for the entry of a dismissal without prejudice, leaving the parties to address their discovery questions to the trial court as the pending federal CERCLA litigation progresses.
 
 
 7
 VACATED and REMANDED. No party to recover costs in this court.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3