9 F.3d 1553
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Eduardo TRUJILLO-GARCIA, Petitioner-Appellant,
v.
James K. ROWLAND, et al., Respondent-Appellee.
 No. 93-15096.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 3, 1993.*
Decided Oct. 10, 1993.
 
 1
 Before: KOZINSKI and O'SCANNLAIN, Circuit Judges; GEORGE,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Eduardo Trujillo-Garcia timely appeals the district court's denial of his habeas petition. He argues that the state trial court violated his equal protection rights by failing to consider his cultural background as a Mexican male when it rejected his provocation defense. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.
 
 
 4
 * Trujillo-Garcia argues that the trial court erred in applying a reasonable person standard rather than a reasonable Mexican male standard when it rejected his provocation defense and refused to reduce his second-degree murder conviction to manslaughter.
 
 
 5
 * The record indicates that the state trial judge felt constrained by California law not to apply a culturally-specific standard. Several times he noted that "there is no question in the court's mind that this homicide arose out of a sudden quarrel upon a provocation, but in the face of the case law that has been given to me, I do not think that this court can say that that is the provocation that satisfies the requirement that it's the passion that would be aroused in the mind of an ordinary reasonable person." Excerpt of Record ("EOR") 86; see also EOR 87, 89, 89A.
 
 
 6
 The cases upon which the state trial judge relied reject a culturally-defined reasonable person standard. See People v. Ogen, 215 Cal.Rptr. 16, 23 (Ct.App.1985) (noting that "[e]thnic, racial or religious slurs, and sexual innuendos trigger violent reactions and occasionally killings," but that society cannot allow "individuals to justify their acts by their own standard of conduct"); People v. Washington, 130 Cal.Rptr. 96, 98 (Ct.App.1976) (refusing to apply average servient homosexual standard); People v. Morse, 76 Cal.Rptr. 391, 405 (1969) (rejecting argument that inmate's provocation defense be judged according to cultural environment of prison), cert. denied, 397 U.S. 944 (1970); People v. Natale, 18 Cal.Rptr. 491, 494 (Ct.App.1962) (refusing provocation defense based on Italian-American cultural standard). Because the trial judge explicitly stated that these cases prevented him from accepting the reasonable Mexican male standard, it is unlikely that he considered the petitioner's background in rejecting the provocation defense.
 
 B
 
 7
 However, even if we accept the petitioner's contention that his equal protection rights were violated when the judge refused to apply the reasonable Mexican male standard, we conclude that such alleged error was harmless.[1] For habeas relief to be granted, the alleged error must have "had substantial and injurious effect of influence in determining the [trier of fact's] verdict." Brecht v. Arahamson, 113 S.Ct. 1710, 1714 (1993) (quoting Kotteados v. United States, 328 U.S. 750, 776 (1946)).
 
 
 8
 The trial judge's failure to apply a reasonable Mexican male standard did not have substantial and injurious influence on his verdict because the facts established by the state court show that Trujillo-Garcia did not act as a reasonable Mexican male under the circumstances. The Supreme Court has "held that 28 U.S.C. § 2254(d) requires federal courts in habeas proceedings to accord a presumption of correctness to state-court findings of fact." Sumner v. Mata, 455 U.S. 591 (1982). This presumption attaches whether findings of fact are made by state trial or appellate courts. Nevius v. Sumner, 852 F.2d 463, 469 (9th Cir.1988), cert. denied, 490 U.S. 1059 (1989).
 
 
 9
 California law allows a reduction of murder to manslaughter where "the defendant's reason was, at the time of his act, ... disturbed or obscured by some passion ... to such an extent as would render ordinary men of average disposition liable to act rashly or without due deliberation and reflection, and from this passion rather than from judgment." People v. Logan, 175 Cal. 45, 49 (1917). The issue is "whether a reasonable person in the circumstances would have acted out of passion rather than judgment." People v. Coad, 226 Cal.Rptr. 386, 393 (Ct.App.1986).
 
 
 10
 The state appellate court concluded that the evidence established that the petitioner was immature, quiet, moody, and vulnerable--more sensitive than the average Mexican male. It also determined that although the insults would provoke an emotional response within the Mexican culture, the insulted person would not necessarily lose his ability to act rationally. According these factual findings a presumption of correctness, we hold that a reasonable Mexican male would not have been provoked to act out of passion by the insults.
 
 II
 
 11
 Thus, the state trial judge's failure to consider Trujillo-Garcia's background, assuming it was erroneous, was harmless because it did not substantially and injuriously affect the outcome of the trial. The petition for habeas corpus was properly denied.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 The Honorable Lloyd D. George, Chief United States District Judge for the District of Nevada, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3
 
 
 [1]
 We do not reach the issue of whether there was constitutional error or whether the petitioner had a constitutional right to a culturally-defined reasonable person standard