9 F.3d 1553
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sammy Lee TERRELL, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 92-56007.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 16, 1993.*
Decided Nov. 5, 1993.
 
 Before: GIBSON,** HALL and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 The district court's denial of an evidentiary hearing is reviewed for an abuse of discretion. Greyson v. Kellam, 937 F.2d 1409, 1412 (9th Cir.1991). A hearing is required unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255.
 
 
 3
 The district court did not err in denying a hearing, because Terrell's "allegations, viewed against the record, either fail to state a claim for relief or are 'so palpably incredible or patently frivolous as to warrant summary dismissal.' " Marrow v. United States, 772 F.2d 525, 526 (9th Cir.1985) (citations omitted). The district judge who denied the § 2255 petition had also tried the case, so he was familiar with the facts and could properly use his notes, recollections, and common sense to decide the motion. Shah v. United States, 878 F.2d 1156, 1159 (9th Cir.1989). Terrell has identified no evidence which he could have presented at a hearing which would have entitled him to relief.
 
 
 4
 The prosecutorial misconduct claim is frivolous. Terrell argues that the prosecutor knew Duffy's testimony was perjured, and the prosecutor should have stopped him. He does not suggest a means by which the prosecutor could have known this or stopped defense counsel from calling the witness. Terrell, not the prosecutor, called Duffy. Duffy testified consistently with his FBI interview, so the prosecutor could reasonably assume that Duffy was testifying truthfully. The reference to Terrell's knife dripping with blood, even if it was made (we could not find it), was a permissible inference from the evidence. See United States v. Molina, 934 F.2d 1440, 1445 (9th Cir.1991) (prosecutors have "reasonable latitude" to argue). Indeed, since Terrell had just stabbed a man to death with a knife, we cannot see how the facts could be otherwise. The prosecutor's "I submit that ..." arguments were also legitimate suggestions of permissible inferences, not vouching. United States v. Necoechea, 986 F.2d 1273, 1279 (9th Cir.1993). Finally, there was nothing wrongful about the prosecutor's calling Terrell a liar. See Molina, 934 F.2d at 1445. The jury needed the prosecutor's evidence and argument to decide precisely that question.
 
 
 5
 The district judge had discretion whether to appoint counsel for Terrell, and did not abuse it. Brown v. United States, 623 F.2d 54, 61 (9th Cir.1980). Nor did Judge Tevrizian abuse his discretion by denying Terrell's motion to recuse Judge Rea. United States v. Monaco, 852 F.2d 1143, 1147 (9th Cir.1988), cert. denied, 488 U.S. 1040 (1989). The recusal claim was, as Judge Tevrizian said, "wholly frivolous." It was based on the unsupported notion that Judge Rea's correct rulings against Terrell reflected bias.
 
 
 6
 Nor has Terrell demonstrated a sufficient basis for a hearing to determine whether he received ineffective assistance of counsel. The petitioner must show deficient performance and prejudice. Strickland v. Washington, 466 U.S. 668, 687 (1984). To show prejudice, it is not enough that the outcome might have been different had the lawyer done what the petitioner suggested. Prejudice requires that the result of the proceeding was fundamentally unfair or unreliable. Lockhart v. Fretwell, 113 S.Ct. 838, 842 (1993).
 
 
 7
 In evaluating performance, we should not speculate on what the defense counsel might have done to improve his case, with the benefit of hindsight. Strickland holds that counsel must have a "wide latitude" in making tactical decisions and that trial strategies should be evaluated under the circumstances at the time. 466 U.S. at 689; United States v. Bosch, 914 F.2d 1239, 1244 (9th Cir.1991). "[A] particular decision not to investigate must be directly assessed for reasonableness in all circumstances, applying a heavy measure of deference to counsel's judgments." Strickland, 466 U.S. at 691; Tinsley v. Borg, 895 F.2d 520, 532 (9th Cir.1990).
 
 
 8
 Terrell claims that his lawyer should have called certain additional witnesses. His lawyer did in fact put on an extensive case. He called five witnesses, made several well considered motions, vigorously cross-examined the government's witnesses, and gave an excellent closing argument. Terrell was not constitutionally entitled to have his lawyer call every witness whom Terrell imagined might be useful to him. His lawyer properly could exercise professional judgment in whom he called and did not call. United States v. Schlaflander, 743 F.2d 714, 718 (9th Cir.1984). Terrell would be denied much of the benefit of competent counsel if his attorney did not exercise professional judgment about whom to call and what to ask.
 
 
 9
 Terrell makes no showing adequate to require a hearing on whether his lawyer should have called Matthews. His lawyer reasonably decided that this multiple murderer would not help his case, especially since he had handed Terrell the knife with which Terrell stabbed Perez. See United States v. Harden, 846 F.2d 1229, 1232 (9th Cir.1988) (it is reasonable not to call a convicted felon who would have been an unreliable witness). Rivera could not be found, and Terrell does not show why competent counsel should have been able to find him. Clark's story would have contradicted the defense's theory of the case being put on through other witnesses. We cannot see how Terrell could establish in a hearing that competent counsel should have impeached his own case by calling Clark. Jack's testimony would have been cumulative, and Terrell does not say what Hawkins could have contributed.
 
 
 10
 Terrell's claim of ineffective assistance attacks his lawyer's professional judgment about the case he did put on, as well as the case he didn't. Terrell claims that his own star witness, Duffy, was lying when he said Terrell went over to Perez's cell with a knife already in hand. But he makes no showing that his lawyer knew Duffy would tell this damaging story, or could have discovered it before calling Duffy as a witness. The record shows without contradiction that Terrell's lawyer went to the prison and interviewed Duffy before trial. Duffy told him that Terrell did not brandish a blade or threaten to kill anyone, and supported Terrell's self defense claim, so defense counsel put him on. There was no reason to suppose that Duffy would change his story. The lawyer called Duffy as a witness to put before the jury the story Duffy had told him in the preparatory interview. That was all counsel could properly do. It would be unethical and perhaps felonious to "prepare" Duffy any further, by obtaining a commitment to testify in a particular way, or to refrain from saying particular things. Terrell's lawyer simply did not get the testimony he hoped for.
 
 
 11
 Nothing about the circumstances gives rise to an inference of ineffective assistance. The most obvious inference is that defense counsel did his best, but suffered a disappointment of the sort common in criminal defense work. Had Duffy stuck to his earlier story, the defense might have prevailed. But all a competent lawyer could do was review whatever evidence of Duffy's story he could get, and interview Duffy if he could. Terrell's lawyer did these things. He could not get Duffy's earlier statement to the FBI, which was consistent with Duffy's damning trial testimony, because the Jencks Act did not entitle him to it until after Duffy's direct was completed. 18 U.S.C. § 3500(a). Sometimes the oath frightens a witness into telling the truth, and testimony different from the pretrial interview comes out, much to the disappointment of the defendant and counsel. Terrell has made no offer of what he might prove at a hearing on ineffective assistance, which would show that his lawyer fell below the Strickland standard and made his trial unreliable or fundamentally unfair.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 The Honorable Floyd R. Gibson, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3