9 F.3d 1553
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alfred J. ABONO, Jr., Defendant-Appellant.
 No. 91-10144.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 13, 1993.*
Decided Nov. 5, 1993.
 
 Before: KILKENNY, SNEED, and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Alfred J. Abono, Jr. appeals from his conviction and sentence following jury trial on charges of, inter alia, conspiring to import and distribute marijuana in violation of 21 U.S.C. §§ 963 and 846, respectively, arguing that the district court erred by failing to require the government to elect between the two conspiracy counts and by imposing consecutive sentences for the resultant convictions thereon. We reject these contentions and affirm.
 
 
 3
 With respect to Abono's first argument, we note that he was charged with two different conspiracies under two separate statutes. As it cannot be said that a conspiracy to import narcotics necessarily includes an agreement to distribute those drugs, the district court did not err by refusing to require the government to elect between the conspiracy counts. See United States v. Bendis, 681 F.2d 561, 565 & n. 4 (9th Cir.) (as amended) (distinguishing factors set out in United States v. Mayo, 646 F.2d 369, 372 (9th Cir.) (per curiam), cert. denied, 454 U.S. 1127 (1981)), cert. denied, 459 U.S. 973 (1982).
 
 
 4
 As for Abono's second argument, "It is well settled that [even] a single transaction can give rise to distinct offenses under separate statutes without violating the Double Jeopardy Clause." Albernaz v. United States, 450 U.S. 333, 344 n. 3 (1981). Because Congress intended to authorize separate punishments for conspiring to import narcotics in violation of 21 U.S.C. § 963 and for conspiring to distribute narcotics in violation of 21 U.S.C. § 846, Double Jeopardy is not involved when multiple punishments result, even when the offenses arise from a single agreement with dual objectives. Id. at 336-340, 344; United States v. Marotta, 518 F.2d 681, 684-85 (9th Cir.1975) (per curiam). Accordingly, we find no error in the district court's ruling on this point.
 
 
 5
 AFFIRMED.
 
 
 
 *
 This case is appropriate for submission on the briefs and without oral argument per Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not suitable for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3