9 F.3d 1553
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John Edward RHONES, Plaintiff-Appellant,
v.
James ROWLAND, Director, et al., Defendant-Appellee.
 No. 92-15774.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 1, 1993.*
Decided Nov. 8, 1993.
 
 Before: SCHROEDER, D.W. NELSON, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John Edward Rhones, a California prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 civil rights action without prejudice for failure to obey a court order to file a status report. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.
 
 
 3
 District courts have the inherent power to control their dockets and may impose sanctions, including dismissal, in the exercise of that discretion. See Chambers v. NASCO, Inc., 111 S.Ct. 2123, 2132 (1991); Hamilton Copper & Steel v. Primary Steel Inc., 898 F.2d 1428, 1429 (9th Cir.1990). In addition, under Rule 41(b) of the Federal Rules of Civil Procedure, a district court may dismiss an action for failure to prosecute or for failure to comply with a court order. See Fed.R.Civ.P. 41(b); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir.1987), cert. denied, 488 U.S. 819 (1988).
 
 
 4
 In determining whether to dismiss an action for failure to prosecute or failure to comply with a court order, the district court is required to weigh five factors: " '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.' " Id. (quoting Thompson v. Housing Authority, 782 F.2d 829, 831 (9th Cir.) (per curiam), cert. denied, 479 U.S. 829 (1986)). If the district court does not explicitly weigh these factors, we review the record independently to determine whether dismissal was an abuse of discretion. Malone, 833 F.2d at 130.
 
 
 5
 On June 12, 1991, the court ordered Rhones to file a status report within thirty days. The order listed ten specific questions for Rhones to address in his report. On July 15, 1991, Rhones filed his first request for an extension of time. On September 18, 1991, the court granted the extension and gave him an additional thirty days to file the report. The court also warned Rhones that no further extensions would be granted.
 
 
 6
 On November 4, 1991, several weeks after the time for filing the report had passed, Rhones filed a second request for additional time stating that he did not have counsel, was unable to obtain adequate access to the prison library, and did not know how to prepare a status report. On December 10, 1991, the magistrate judge assigned to the case issued a report and recommendation that the action be dismissed without prejudice for failure to comply with a court order. After de novo review, the district court adopted the magistrate judge's report and recommendation.
 
 
 7
 Under these circumstances, the district court did not abuse its discretion by dismissing Rhones's action. The court gave Rhones several opportunities to comply with its order and warned him that no further extensions would be granted. Moreover, Rhones's failure to comply with the court's order impeded resolution of the action and interfered with the court's management of its docket. See id. at 130.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3