9 F.3d 1553
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Hector Raul ROBLES-SANCHEZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 93-70409.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 1, 1993.*
Decided Nov. 8, 1993.
 
 Before: SCHROEDER, D.W. NELSON, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Hector Paul Robles-Sanchez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal as untimely of his appeal of an immigration judge's order of deportation. We have jurisdiction under 8 U.S.C. § 1105a(a), and we deny the petition for review.
 
 
 3
 This court reviews de novo whether the BIA had jurisdiction to consider an untimely appeal. Da Cruz v. INS, No. 91-70752, slip op. 9391, 9393 (9th Cir. Aug. 31, 1993) (citing Montes v. Thornburgh, 919 F.2d 531, 534 (9th Cir.1990)). We review the BIA's factual findings on jurisdictional issues for clear error. See Montes, 919 F.2d at 534.
 
 
 4
 Absent unique circumstances, compliance with the time limit for filing a notice of appeal with the BIA is mandatory and jurisdictional. See Hernandez-Rivera v. INS, 630 F.2d 1352, 1354-55 (9th Cir.1980). If an appeal is not taken within the allotted time, the right to appeal is lost, and the decision of the immigration judge becomes final. See Da Cruz, No. 91-70752, slip op. at 9394; 8 C.F.R. § 3.39.
 
 
 5
 At the time of Robles-Sanchez's appeal, the Immigration and Naturalization Service's ("INS") regulations required that a party appealing an immigration judge's decision file a notice of appeal with the INS office or the Office of the Immigration Judge within ten calendar days of service or within thirteen calendar days if the decision was mailed. See 8 C.F.R. §§ 3.3(a), 3.36(b),[1] 242.21(a) (1991). Where an alien is even one day late in filing an appeal, the BIA has held that it lacks jurisdiction over the appeal. See In re G.Z., 5 I. & N. Dec. 295 (BIA 1953).
 
 
 6
 Both parties agree that, under the INS's regulations, Robles-Sanchez was required to file a notice of appeal within thirteen calendar days of the mailing of the immigration judge's decision. The parties disagree, however, on the BIA's findings that (1) the thirteen-day period began on July 9, 1991 when the immigration judge mailed his decision to Robles-Sanchez, and (2) Robles-Sanchez's notice of appeal was untimely because it was received on July 24, 1991, two days after the July 22, 1991 deadline. Robles-Sanchez contends that there was insufficient evidence in the record to support the BIA's findings. We disagree.
 
 
 7
 First, there was a cover letter sent to Robles-Sanchez with the immigration judge's decision. This letter was dated July 9, 1991. As for Robles-Sanchez's notice of appeal, it was stamped as received by the Office of the Immigration Judge on July 24, 1991. Robles-Sanchez contends that because the stamp indicates the document was received after normal business hours on July 24, 1991, the date of its receipt should be questioned. He points to no evidence in support of this contention. Our review of the record demonstrates that the BIA's findings of fact were not clearly erroneous. See Montes, 919 F.2d at 534.
 
 
 8
 Finally, Robles-Sanchez argues that the BIA has the authority to allow an untimely appeal where circumstances warrant and that such an allowance should have been made for his appeal because he was not represented below and resided a long distance from the Office of the Immigration Judge. The BIA occasionally considers untimely appeals under its certification authority. See Da Cruz, No. 91-70752, slip op. at 9393-94; 8 C.F.R. § 3.1(c). The decision to certify an appeal, however, is entirely within the BIA's discretion. See Shamsi v. INS, 998 F.2d 761, 762 n. 2 (9th Cir.1993) (citing In re Iberia Airlines Flight No. IB 951, 19 I. & N. Dec. 768 (BIA 1978)). Thus, the BIA had the discretion to decline to certify Robles-Sanchez's appeal.
 
 
 9
 Because Robles-Sanchez failed to timely appeal, the BIA was without jurisdiction to hear the appeal, and we have no jurisdiction to review the immigration judge's decision. See Xiao v. Barr, 979 F.2d 151, 153 (9th Cir.1992).
 
 
 10
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Section 3.36 was redesignated as section 3.38 on April 6, 1992. See 57 Fed.Reg. 11568, 11570 (1992)