9 F.3d 1553
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Esmail RAJAIE, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 92-70073.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1993.*
Decided Nov. 9, 1993.
 
 1
 Before: TANG, FARRIS, and RYMER, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Esmail Rajaie petitions for review of an order of the Board of Immigration Appeals (BIA) affirming the immigration judge's denial of his petition for adjustment of status under § 245 of the Immigration and Nationality Act, 8 U.S.C. § 1255. He argues that the BIA failed to consider the possibility of a waiver of deportation pursuant to 8 U.S.C. § 1182(i) for aliens with spouses who are United States citizens. We have jurisdiction pursuant to 8 U.S.C. § 1105a, and we deny the petition for review.
 
 
 4
 Rajaie argues that the IJ had jurisdiction to grant a waiver of excludability pursuant to 8 U.S.C. § 1182(i) that overcomes the bar to approval of a visa petition under 8 U.S.C. § 1154(c). In effect, he argues that the misconduct in § 1154(c) is similar to the misconduct described in § 1182(a)(6)(C), and therefore the waiver provided in § 1182(i) should apply to his marriage fraud conviction. We disagree.
 
 
 5
 Section 1182(i) provides a waiver of excludability (when an alien is excludable for having committed fraud in procuring a visa). However, Rajaie was charged with being deportable on the basis of an "overstay." Section 1182(i) has no application to such proceedings.
 
 
 6
 At the deportation hearing, Rajaie applied for an adjustment of status to that of a lawful permanent resident. A petitioner is eligible for an adjustment of status if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed. 8 U.S.C. § 1255(a).
 
 
 7
 Rajaie is not eligible for an immigrant visa. Section 1154(c) bars Rajaie from becoming eligible, as it provides that "no petition shall be approved if ... the alien has previously been accorded, or has sought to be accorded an immediate relative or preference status as the spouse of a citizen of the United States ... by reason of a marriage determined by the Attorney General to have been entered into for the purpose of evading the immigration laws." 8 U.S.C. § 1154(c).
 
 
 8
 Rajaie was convicted of entering into a sham marriage and making false statements on his application for adjustment of status. Therefore, § 1154(c) bars Rajaie from obtaining the adjustment of status required for an immigrant visa.
 
 
 9
 Rajaie argues that a § 1182(i) waiver will waive the applicability of § 1154(c). However, § 1182(i) only waives the classification of an alien as excludable. It does not apply to deportation proceedings, and Rajaie has pointed to no authority suggesting it should. Accordingly, Rajaie's petition for adjustment of status was properly denied.
 
 
 10
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3