9 F.3d 1553
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James M. STOWERS, Plaintiff-Appellant,
v.
Rob ROBERTS, et al., Defendant-Appellee.
 No. 92-17074.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 2, 1993.*
Decided Nov. 10, 1993.
 
 Before: WRIGHT, GOODWIN and HUG, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James Stowers appeals the district court's grant of summary judgment against him in his Bivens action. He argued that his Fifth Amendment due process rights were violated when the defendants haphazardly investigated and found him guilty of unauthorized drug use while in prison. We have jurisdiction under 18 U.S.C. § 1291. We have taken judicial notice, as requested by Stowers under 28 U.S.C.Rule 201, of the fact that the defendants have filed neither a reply brief nor a statement indicating that a brief would not be filed. We affirm for the reasons cited by the district judge in his opinion of November 10, 1992.
 
 
 3
 We review de novo a grant of summary judgment. Jones v. Union Pacific R.R., 968 F.2d 937, 940 (9th Cir.1992). A private right of action for damages exists when federal employees or their agents have violated a plaintiff's constitutional rights. Bivens v. Six Unknown Agents, 403 U.S. 388, 397 (1971). This right applies to Fifth and Eighth Amendment violations. Gillespie v. Civiletti, 629 F.2d 637, 641-42 (9th Cir.1980).
 
 
 4
 Stowers argues that the sloppy methodology of taking the urine sample resulted in a possible false positive. He implies that the defendants knew this, yet found him guilty and punished him, violating his constitutional rights.
 
 
 5
 Federal officials performing discretionary functions may be held liable in a Bivens action if they knew or should have known that they were violating clearly established constitutional rights. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). But a prison disciplinary board does not violate an inmate's due process rights if its findings are supported by "some evidence in the record," Superintendent v. Hill, 472 U.S. 445, 454 (1985), and the conclusion of guilt has some indicia of reliability. Cato v. Rushen, 824 F.2d 703, 705 (9th Cir.1987).
 
 
 6
 The urine test is "some evidence" of unauthorized drug use. It was positive, and viewing the record most favorably to Stowers, both in terms of inferences from the evidence that he produced and that he might have produced had the defendants cooperated more fully in discovery, raises questions about the test without destroying entirely its credibility. Other evidence indicated that he was nervous on the day of the test and had told a correctional officer that he was "dirty." The finding of guilt had some indicia of reliability.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3