9 F.3d 1553
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Manuel Agusto SANTAMARIA-AMES, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 92-70200.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 8, 1993.*
Decided Oct. 14, 1993.
As Amended on Denial of Rehearing
Nov. 15, 1993.
 
 1
 Before: HALL and RYMER, Circuit Judges, and FITZGERALD,** District Judge
 
 
 2
 MEMORANDUM***
 
 
 3
 Manuel Agusto Santamaria-Ames petitions for review of an order of the Board of Immigration Appeals (BIA). Santamaria argues that in denying his petition for a waiver of deportation under § 212(c) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1182(c), the BIA failed to properly consider certain equities in his favor, applied an erroneous legal standard, abused its discretion, and committed procedural violations. We have jurisdiction pursuant to 8 U.S.C. § 1105a, and we deny the petition for review.
 
 
 4
 * Section 212(c) permits relief from deportation to be granted to an alien "in the discretion of the Attorney General." 8 U.S.C. § 1182(c). Accordingly, we review a BIA decision denying § 212(c) relief for abuse of discretion. Vargas v. INS, 831 F.2d 906, 908 (9th Cir.1987).
 
 
 5
 Santamaria argues that the BIA failed to consider that his military service was during the Vietnam hostilities or that military service by an alien during the Vietnam hostilities entitles that person to apply for naturalization as a United States citizen under § 329 of the INA, 8 U.S.C. § 1440. At his deportation hearing, Santamaria testified that he received a general discharge from the army when he was dismissed after nine months of service for disciplinary violations. Furthermore, although his service was during the official period of Vietnam hostilities, Exec. Order No. 12,081, 43 Fed.Reg. 42,237 (1978), Santamaria testified that his service in 1974-75 was not "during the Vietnam conflict." Under these circumstances, the BIA did not abuse its discretion by failing to accord additional weight to Santamaria's military service.
 
 
 6
 Santamaria also argues that the BIA misapplied the standards governing § 212(c) relief which it set out in Matter of Marin, 16 I & N Dec. 581, 584-86 (B.I.A.1978). However, Santamaria's argument that the BIA misapplied Marin amounts to a request that we evaluate de novo the BIA's application of the positive and negative factors set out in Marin. The BIA engaged in a careful weighing of these factors. Particularly in view of the fact that Santamaria was convicted of possession of heroin three years after deportation proceedings against him had been initiated, we hold that the BIA did not abuse its discretion in denying § 212(c) relief.
 
 
 7
 The BIA also stated in Marin that it "require[s] a showing of unusual or outstanding countervailing equities by applicants for discretionary relief who have been convicted of serious drug offenses." Id. at 586 n. 4 (citations omitted). We held in Ayala-Chavez v. INS, 944 F.2d 638 (9th Cir.1991) that this rule is within the BIA's statutory discretion. Id. at 641. Santamaria contends that the BIA erred by requiring him to show outstanding equities in the present case, because his conviction for possession of heroin is not a "serious drug offense[ ]." We need not resolve this issue, however, because the BIA in fact determined that Santamaria had outstanding equities, but denied § 212(c) relief notwithstanding this determination. Santamaria further argues that the BIA did not provide a reasoned basis for denying § 212(c) relief after finding that he had outstanding equities. On the contrary, the Board carefully set out the negative factors supporting a denial of relief, including Santamaria's convictions for burglary and possession of heroin, his history of substance abuse, and his limited showing of rehabilitation. Even after a finding of outstanding equities, the decision whether to grant § 212(c) relief remains within the discretion of the BIA. 8 U.S.C. § 1182(c); Matter of Buscemi, 19 I & N Dec. 628, 635-36 (B.I.A.1988).
 
 II
 
 8
 Santamaria also presents two procedural arguments. First, he argues that the immigration judge violated INS regulations by failing to inform him of his right to apply for naturalization under § 329 of the INA, 8 U.S.C. § 1440, on the basis of military service. He argues that 8 C.F.R. § 242.17 imposes such a duty: "The immigration judge shall inform the respondent of his or her apparent eligibility for any of the benefits enumerated in this paragraph...." 8 C.F.R. § 242.17(a). Because the right to apply for naturalization in not enumerated in § 242.17(a), there was no procedural violation.
 
 
 9
 Second, Santamaria argues that the proceedings in this case failed to comport with "[m]inimal due process." This argument fails because he does not identify any procedural protection which he was improperly denied.
 
 
 10
 REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable James M. Fitzgerald, Senior United States District Judge, District of Alaska, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3